## Wetherald *versus* Shupe.

The setting aside or dissolving of an attachment issued under the Act of March 17th, 1869, lies in the discretion of the Common Pleas, or a judge thereof in vacation, and the Supreme Court has no power to review such action by writ of error. The proceeding being purely statutory can be reviewed only on a certiorari.

March 25th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. GREEN J. absent.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:* Of January Term 1885, No. 155.

This case was begun, in the court below, by an attachment under the Act of March 17th, 1869, issued by Thomas W. Wetherald against David D. Shupe. The sheriff returned that he had attached, *inter alia*, the right, title and interest of the defendant in " The Shupe & Noble Furniture Company, limited,"

a partnership association limited, organized under the Act of June 2d, 1874, and " made known to garnishees and to defendant." The defendant entered an appearance by attorney and took a rule to dissolve the attachment. Before this rule · was finally disposed of the plaintiff obtained judgment for want of a sufficient affidavit of defence. After judgment and after the issuing of a special fi. fa. to sell the partnership interest under the provisions of the Act of April 8th, 1873, the rule to dissolve the attachment was discharged by the court. Another rule was entered to show cause why the attachment should not be set aside so far as it purported to bind the interest of defendant in said partnership association limited. The court, LUDLOW, P. J., made this rule absolute, being of opinion that an interest in a partnership association limited was not subject to attachment under the Act of 1869. The order making absolute this rule was entered after the issuing of the above mentioned special fi. fa. and before the date to which it was made returnable. It was stated in the paper book of plaintiff in error that pending the original rule to dissolve ˙the attachment, the defendant Shupe had confessed a judgment under which a special fi. fa. was immediately issued, and a levy made upon the same partnership interest of the defendant in the Shupe & Noble Furniture Company limited, and upon the setting aside of the attachment in this case, the last mentioned levy attached as a first lien.

The plaintiff in the attachment took this writ of error, assigning for error the order " making absolute the rule to set aside the attachment, thereby depriving the plaintiff of his priority of lien."

*Lewin W. Barringer*, for the plaintiff in error.

[MERCUR, C. J., Where is the authority to bring this writ of error ? ]

The order of the court below was in the nature of a final judgment, and in all such cases this court has the constitutional and statutory jurisdiction to review the proceedings " by appeal, certiorari, or writ of error, as is now or may hereafter be provided by law." The jurisdiction is held to exist in all cases except where expressly excluded by statute : Gosline *v*. Place, 8 Casey, 520 ; Commonwealth *v*. Beaumont, 4 Rawle, 368 ; Continental Bank *v*. Draper, 8 Norris, 446 ; Mackaness *v*. Long, 4 Norris, 162 ; Pontius *v*. Nesbit, 4 Wr., 310. In the case last cited, which was one to set aside an attachment execution, WOODWARD, J., said : " If the dismissal of execution process should be considered as a mere discretionary power of the Courts of Common Pleas, not reviewable on error,

it is manifest that they might prevent a plaintiff from collecting his judgment altogether. It is a high power to set aside the process of the law. Such a decree is final, and therefore reviewable on error. It is one of those judgments with which 'persons may find themselves aggrieved,' and therefore it falls within the letter of the old remedial law of 1772."

*Alex. Simpson, Jr.*, for the defendant in error.—While we believe the writ of error in this case cannot be supported we desire, with the other side, to have the question decided on its merits.

Mr. Justice GORDON delivered the opinion of the court October 5th, 1885.

There are two reasons why the action of the court below, in dissolving the attachment in this case, cannot be reviewed on a writ of error from this court. (1) The 6th section of the Act of March 17th, 1869, under which the process in attachment was had, gives to the court of Common Pleas when in session, or to a judge thereof in vacation, a discretionary power to dissolve the attachment issued under its provisions, and the statute gives us no power to review the exercise of that discretion. (2) The proceedings are contrary to the course of the common law; they are purely statutory, hence, they can be reviewed on a certiorari only, and not upon a writ of error: Lewis *v.* Wallick, 3 S. & R., 410; Commonwealth *v.* Beaumont, 4 Rawle, 366; Miller *v.* Spreeher, 2 Yeates, 162; Ruhlman *v.* Commonwealth, 5 Binn., 24; Brown *v.* Ridgway, 10 Barr, 42; Lindsley *v.* Malone, 11 Har., 24. It follows, that whatever our opinion may be as to the rectitude of the action of the court below in the premises, we are obliged to quash the writ of error.

Writ quashed accordingly.