## A. & D. M. HOPPES v. A. W. HOUTZ.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 17, 1890—Decided March 3, 1890.

1. An order dissolving an attachment issued under the act of March 17, 1869, P. L. 8, is interlocutory only, within the discretion of the court below, and not reviewable on certiorari and appeal to Supreme Court, in the absence of anything to show an abuse of such discretion.
2. Whether a bond filed on the issuance of an attachment under the act of 1869, is invalid because it does not show in the obligatory part that it is "for the use of the parties interested," in strict compliance with the provisions of the act of May 24, 1887, P. L. 197, not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 184 July Term 1889, Sup. Ct.; court below, No. 141 July Term 1889, C. P.

On May 29, 1889, an affidavit, copy of book account and bond being filed, an attachment under the act of March 17, 1869, P. L. 8, was issued in a cause wherein "A. & D. M. Hoppes, Agents," were plaintiffs, and A. W. Houtz, defendant.

The bond filed was in form as follows:

"Know all men by these presents that we, A. & D. M. Hoppes, Agts., C. B. Wagner and Wm. Scullen, . . . . . are held and firmly bound unto the commonwealth of Pennsylvania, in the sum of . . . . . to be paid to the said commonwealth of Pennsylvania, its certain attorney or assigns, to which payment," etc.

"Sealed . . . . . Whereas [reciting the issuing of the attachment.]

Opinion of Court below.

" Now the condition of this obligation is such, that if the said plaintiffs shall fail to prosecute the action commenced by said attachment with effect, or in case such attachment be quashed, dissolved or ended, then the plaintiff or plaintiffs shall pay to the defendant in such attachment all legal costs, fees and damages which said party defendant may sustain by reason of such attachment, and which said bond shall remain in the office of the said prothonotary for the use of any party injured as aforesaid, then the foregoing obligation is to be void, otherwise the same shall be and remain in full force and virtue.

" Witness,  A. & D. M. Hoppes, Agts. [L. S.]
" W. M. Hoppes.  Chas. B. Wagner  [L. S.]
  William Scullen.  [L. S.] "

On June 3, 1889, the writ having been returned served, and defendant's property attached, as per schedule, the defendant moved to quash the attachment for the reasons following:

1. The plaintiff already has issued a writ of attachment for the same cause of action to No. 127 July Term 1889, which was quashed by this court after service.

2. The said plaintiff has a judgment for the amount claimed, entered to No. 129 July Term 1889, on which a writ of fieri facias has been issued, a levy on the personal property of the defendant made and still pending in the hands of the sheriff.

3. The bond is not in the form required by the act of 1887.

A rule having been granted, after argument, the court, Pershing, P. J., filed the following opinion:

A prior attachment was issued in this case to No. 127 July Term 1889, which was quashed, and the costs paid. That proceeding, therefore, was at an end. The plaintiffs having made another affidavit and filed a new bond, issued the above stated attachment for the same cause of action. The defendant contends that this cannot be done, and refers to National Bank v. Tasker, 1 Pa. C. C. R. 173, and Robinson v. Atkins, 2 W. N. 111, in support of this position. These cases, however, do not go so far. They, on this point, only decide that two attachments cannot issue in the same suit or action. We think the quashing of the first attachment was equivalent to a nonsuit, which left the plaintiffs free to pursue any remedy provided by law for the recovery of their claim.

Opinion of Court below.

But there are other and more serious difficulties in the way of sustaining the present attachment. The act of May 24, 1887, P. L. 197, amendatory of the act of 1869, prescribes that before the attachment shall issue, there shall be executed and filed with the prothonotary, "a bond to the commonwealth of Pennsylvania, *for the use of the parties interested*, in the penalty of at least double the amount claimed, with good and sufficient surety to be approved by one of the judges of the court," etc. The words above underscored have been omitted from the bond filed in the case in hand.

The attachment act of 1869, § 2, provides, that "every such attachment shall be made returnable on the first return day of said court next after the time of issuing thereof." In Parks v. Watts, 112 Pa. 4, the attachment was made returnable to the next term. Monthly return days were fixed by law for that county, Crawford, and one of these intervened between the issuing of the attachment and the date of the next term of the court. For the reason that the statute had not been strictly followed, the Supreme Court affirmed the action of the court below in quashing the proceeding. This is a rigid construction of the act, and is necessarily fatal to the bond in this case. If the language of the statute, "shall," is mandatory as to the return day, it is equally mandatory as to what must be written in the bond, which would seem to be the more important matter of the two. The parties for whose use a bond is given may become liable for costs "in like manner as plaintiffs in other cases" and how are they to be ascertained unless named?

Another matter in reference to the bond is suggested at this point. It is signed "A. & D. M. Hoppes, Agts. [L. s.]" No authority is shown for one of these partners to sign in the name of the firm. It is familiar law, that one partner has no power to bind another by an instrument under seal, although the instrument itself did not require a seal: Schmertz v. Shreeve, 62 Pa. 457.

Among other facts in this controversy, it appears that shortly after the second attachment (the one in hand) was issued, Houtz, the defendant, confessed a judgment to Samuel Frack, in trust for a large number of his creditors, including the firm of A. & D. M. Hoppes. Upon a fieri facias issued on this judgment, the personal property of the defendant was levied

Arguments.

on by the sheriff, and, as I understand, this is the same property, already in the custody of the sheriff, which was seized in the attachment proceeding.

A legal question presents itself here, which has not been raised and which need not be discussed in the view we take of the case. The plaintiffs seem to have acquiesced in this judgment, and in its use for their benefit. In Brenner v. Moyer, 98 Pa. 274, the plaintiffs instituted a suit, and also issued an attachment on the same day for the same cause of action. They recovered a judgment in the suit, and then proceeded with the trial on the attachment. It was held that the judgment first recovered was a bar to recovery in the attachment suit; that where two personal actions are instituted between the same parties for the same cause of action, a recovery of judgment in one extinguishes the right to recover judgment in the other. "The first judgment when given, whether it be in the action commenced first or last, extinguishes the original cause of action."

The affidavit of the plaintiffs charges the defendant with having fraudulently confessed a judgment or judgments to Daniel Frack. No depositions have been taken by either side, and the facts are not before us which would enable us to form any opinion as to the honesty of this transaction. A confessed judgment is not presumed to be fraudulent. The facts when properly proved may make it so: Lennig v. Senior, 21 W. N. 379.

We will dissolve this attachment mainly for the defects in the bond. In the absence of an answer on the part of the defendant we will make no order to quash.

—A general bill of exceptions having been sealed, the plaintiffs took this appeal, specifying that the court erred: 1. In dissolving the attachment. 2. In not discharging the rule to show cause why the attachment should not be dissolved. 4. In making said rule absolute.

*Mr. A. W. Schalck* and *Mr. M. M. L' Velle*, for the appellants.

Counsel cited: Harbert v. Gormley, 115 Pa. 237; Bank of Northern Liberties v. Cresson, 12 S. & R. 306; Loew v. Stocker, 68 Pa. 226; Greenfield v. Yeates, 2 R. 158.

*Mr. Geo. J. Wadlinger*, for the appellee.

That the dissolution of the attachment is a matter of discretion, counsel cited: Section 6, act of March 17, 1869, P. L. 8; Black v. Oblender, 3 Pa. S. C. Dig. 265; Wetherald v. Shupe, 109 Pa. 389. That the bond filed was sufficient: Park v. Watts, 112 Pa. 4; Drake on Attachments, ch. IV., §§ 115–16, 120–21, 125–26, 129, 133; Act of May 24, 1887, P. L. 197; Harbert v. Gormley, 115 Pa. 237.

PER CURIAM:

This appeal is a substitute for a certiorari and must be treated as such. It brings up nothing but the record. From it we learn that the proceeding below was an attachment under the act of 1869, and that the court dissolved it. The record does not show the ground upon which the attachment was dissolved. Nor is it material, as the order was interlocutory and not reviewable here. It was a matter within the discretion of the court below, and we have nothing before us to show that this discretion was abused.

Order affirmed.