## Eichert's Estate.  Shaeffer's Appeal.

*Discontinuance—Withdrawal from suit—Payment of costs—Appeal.*

Where contestants of a will upon their own application are granted leave to withdraw from the contest, and are ordered to pay all costs that have accrued to the date of their withdrawal, their connection with the case is at an end, and they cannot afterwards take an appeal to the Supreme Court, on the ground that they are still in the case because they had not paid the costs.

Argued Jan. 4, 1893.   Appeal, No. 375, Jan. T., 1892, by plaintiff, John Shaeffer et al., from decree of O. C. Phila. Co., Jan. T., 1887, No. 359, revoking probate of will of Catharine Eichert, deceased.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Appeal from probate of will.

From the record it appeared that appellants asked leave of the court to withdraw from the contest.   The court thereupon entered the following decree : " And now, Feb. 16, 1891, the above case having been heard on petition, answer and proofs, and after argument of counsel, it is ordered and adjudged and decreed that the contestants in the appeal are allowed to withdraw as parties contestants and without prejudice to the rights of the appellee to proceed with the appeal.   That the appeal shall stand and the contestants shall pay all the costs that have accrued to the date hereof."

Appellants did not pay the costs as ordered.'   The court subsequently revoked the probate of the will.

*Error assigned*, inter alia, was above order.

*J. D. Bennett, J. Willis Martin* with him, for appellants.—A rule to discontinue is only effectual on payment of costs, which should be paid forthwith, for until paid the action is not discontinued.

*William W. Ker, Charles Knittel,* for appellee.—By the decree of Feb. 16, 1891, appellants ceased to be parties in the proceeding in the orphans' court, and consequently they have no right to appeal.

PER CURIAM, January 16, 1893 :

The appellants were contestants in a proceeding in the orphans' court, and at a certain stage of the proceedings asked leave to withdraw from the contest. The orphans' court granted their prayer, and ordered that they should pay all costs that had accrued to the date of their withdrawal. This ended the connection of the appellants with the case. They think, however, that they are still in it for the reason that they have not paid the costs as they were ordered to do. In this, we think they are mistaken. They are out of court, and have now no duty to perform but to pay the costs up to the date of their withdrawal. They have no standing to interfere further in the proceedings below.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.