Eliza A. Hall et al., doing business as the Elk County Bank, Appellants, *v.* D. C. Oyster et al., doing business as the Ridgway Bank.

*Attachment under act of* 1869—*Dissolution—Discretion—Appeal—Review.*

An order dissolving an attachment issued under the act of March 17, 1869, P. L. 8, is within the discretion of the lower court, and not reviewable on certiorari and appeal to the Supreme Court, where there is nothing on the record to show an abuse of discretion on the part of the court below.

Argued May 8, 1895.  Appeal, No. 332, Jan. T., 1895, by plaintiffs, from order of C. P. Elk Co., Sept. T., 1893, No. 171, dissolving an attachment.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.  Affirmed.

Rule to dissolve attachment issued under act of March 17, 1869.

The attachment was issued on the affidavit of M. S. Kline, which averred:

" That he is one of the plaintiffs above named ; that D. C. Oyster, Alfred Short and C. R. Early, surviving partners late doing business under the firm name of the Ridgway Bank, are justly indebted to the said Eliza A. Hall, Jerome Powell, W. H. Hyde, C. H. M'Cauley and M. S. Kline, doing business under the firm name of the Elk County Bank, in a sum exceeding one hundred dollars, to wit, the sum of forty-seven hundred dollars and ninety-five cents upon a certain protested draft drawn by the said Ridgway Bank upon the American Exchange National Bank of New York city, dated June 21st, 1893, for forty-six hundred seventy-nine dollars and thirty-four cents, with interest from June 21st, 1893, and protest fees $1.30.

" That the said defendants at Ridgway, Pennsylvania, on the said 21st day of June, 1893, obtained from the deponent certain checks, notes and acceptances of the value of forty-six hundred seventy-nine dollars and thirty-four cents and then and there delivered the aforesaid draft to the said plaintiffs in payment thereof, well knowing at the time of the making and

delivering of the said draft that the said defendants had no moneys on deposit or credit at the said American Exchange National Bank of New York city, for the payment thereof. That the said defendants then and there well knew that they were insolvent and unable to pay their indebtedness or said draft and that the same was made and delivered as aforesaid with intent to cheat and defraud the said plaintiffs; and the deponent further says that the said defendants then and there in manner aforesaid fraudulently contracted the said debt of forty-six hundred seventy-nine dollars and thirty-four cents for which this suit is brought. And deponent further says that the said D. C. Oyster and Alfred Short have property, stock, moneys and evidences of debt which they fraudulently conceal, with intent to defraud their creditors, and that they are about to dispose of and remove out of the jurisdiction of this court said property, moneys, stock and evidences of debt, secretly, fraudulently, and with intent to defraud this deponent and the other creditors of the said defendants."

On May 31, 1894, G. A. Rathbun, attorney for the defendants, obtained a rule to show cause why the attachment should not be dissolved.

A large amount of evidence was taken, and the court subsequently made an order dissolving the attachment.

*Error assigned* was above order.

*J. Ross Thompson, Ames, Whitmore & Bible* with him, for appellants.

*George A. Allen, Geo. R. Dixon* and *L. Rosenzweig* with him, for appellees.—The dissolution of an attachment under the act of March 17, 1869, is an interlocutory order, resting in the discretion of the court of common pleas, and not reviewable in this court: Hoppes v. Houtz, 133 Pa. 34; Wetherald v. Shupe, 109 Pa. 389; Black v. Oblender, 15 Atl. Rep. 708; Walls v. Campbell, 125 Pa. 346; Bacon v. Horne, 123 Pa. 452; Froley v. Cent. Fire Ins. Co., 9 Phila. 219; Holland v. Atzerodt, 1 Walker, 237.

PER CURIAM, May 20, 1895:

This so called *appeal* is in fact merely a *certiorari*, and must

be so treated.   It brings up for review nothing but the record proper, which does not include the evidence on which the court acted in dissolving the attachment.   Under the act of 1869, that action of the court below was a matter within its discretion, and we have nothing before us to show that the discretion was abused: Wetherald v. Shupe, 109 Pa. 389; Black v. Oblander, 15 Atl. Rep. 708; Hoppes v. Houtz, 133 Pa. 34.

Decree affirmed and appeal dismissed with costs to be paid by appellants.