Harry Moss, Louis Jerkowski and Joseph Appelt, trading as Swartz, Jerkowski & Co., *v.* Isaac Mitchell and Morris Mitchell, trading as Mitchell Brothers.

174  517
f193 268

*Appeals —Attachment under act of March* 17, 1869—*Interlocutory order.*

An order refusing to dissolve an attachment under the act of March 17, 1869, P. L. 8, is interlocutory only, and no appeal lies from it until final decree is entered.

The appeal in such a case is a mere substitute for a certiorari, and brings up for review nothing but the record proper, which does not include the evidence.

Argued March 5, 1896.   Appeal, No. 255, Jan. T., 1896, by defendants, from order of C. P. Berks Co., Nov. T., 1895, No. 64, refusing to dissolve an attachment under the act of 1869.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Appeal quashed.

Motion to quash appeal.

From the record it appeared that plaintiffs issued an attachment under the act of March 17, 1869, on the ground that defendants had fraudulently contracted their indebtedness and were about to assign and dispose of their property with intent to defraud their creditors. The defendants took a rule to show cause of action, and why the attachment should not be dissolved. The court refused to dissolve the attachment, and the defendants thereupon appealed from the order refusing to dissolve the attachment.

*George P. Rich, Isaac Hiester* and *Charles H. Schaeffer* with him, for appellees sur motion to quash appeal.—In Hoppes v. Houtz, 133 Pa. 34, it was held that an order dissolving an attachment issued under the act of 1869 is interlocutory only and not reviewable in the Supreme Court. See also Hall v. Oyster, 168 Pa. 399 ; Bough Street Road, 2 S. & R. 418 ; Bennethum v. Bowers, 133 Pa. 332 ; Moock v. Conrad, 155 Pa. 586.

The practice of this court has always been to quash cases prematurely removed from the courts below before final judgment has been entered : Chadwick v. Ober, 70 Pa. 264 ; Com. v. Snyder, 80 Pa. 57 ; Wetherald v. Shupe, 109 Pa. 389 ; Parks v. Watts, 112 Pa. 4.

An appeal considered as a writ of error is a writ of right, but it lies only after final judgment. The writ of certiorari is the appropriate writ for the removal of a cause before judgment, and the writ of error is the writ which removes it afterwards : Com. v. Simpson, 2 Grant, 440 ; act of May 22, 1722, sec. 13 ; 1 Smith's Law, 140 ; Com. v. McGinnis, 2 Whart. 112 ; Com. v. Capp, 48 Pa. 53.

*Emanuel Furth, H. P. Keiser, Jacob Singer* and *J. Howard Jacobs* with him, contra.

PER CURIAM, March 27, 1896 :

This is an appeal from the order of the court below refusing to dissolve an attachment under the act of 1869. A motion is made to quash the appeal because it is taken from an interlocutory order and that no final judgment has been entered. We consider it beyond all question that the order refusing to dissolve the

attachment is interlocutory only and that hence no appeal will lie at this time. The appeal is a mere substitute for a certiorari and brings up nothing but the record, Hoppes v. Houtz, 133 Pa. 34. The evidence is not before us and there is nothing to show that the court below was in error.

Appeal quashed.