W. J. Johnston and N. H. White, partners, trading and doing business under the firm name of W. J. Johnston & Co., Appellants, v. J. C. Menagh.

*Attachment Act of 1869—Discretion of court—Dissolution of attachment—Review.*

Where there is nothing to show any abuse of discretion, the order dissolving an attachment under the Fraudulent Debtor's Act of 1869, being interlocutory, is not reviewable by the appellate court.

Argued Feb. 17, 1897.ᐧ Appeal, No. 29, Feb. T., 1897, by plaintiffs, from order of C. P., Northumberland Co., Sept. T., 1896, No. 544, dissolving attachment under Fraudulent Debtor's Act. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Attachment in assumpsit under Fraudulent Debtor's Act of March 17, 1869. Before McCLURE, P. J., 17th Judicial District, specially presiding.

The attachment issued August 27, 1896. Same day bond filed. On August 31, 1896, a rule was granted to show cause

why the attachment should not be dissolved.   On September 10, 1896, affidavit of defense filed.   On September 14, 1896, the court, McClure, P. J., dissolved the attachment in the following opinion :

[This motion is not too late.   The execution of a delivery bond does not effect a dissolution of the attachment, nor will it be a bar to a subsequent motion to dissolve.] [6]   3 Ency. of Plead. & Practice, p. 87.   No issue has been raised either by plea or answer by which it can be said that defects in the process have been waived or the defendant estopped from asserting them.

[A motion of this kind raising pure questions of law does not require an oath to support it.] [7]   An affidavit of the defendant thereto could be no more than the qualified belief of a man who may not have, or be entitled to, an opinion on the subject.

The conditional part of the plaintiffs' bond is as follows : " Now the condition of this obligation is such that, if said plaintiffs shall fail to prosecute such attachment with effect, and recover a judgment against the said defendant, and shall pay to the said defendant all legal costs and damages which the said defendant may sustain by reason of the said attachment, then the foregoing obligation is to be void ; otherwise the same shall be and remain in full force and virtue."

It will thus be seen that it is in the form required by the act of 1869, with the exception that the word " attachment " is used instead of " action," and differs from the amendment of 1887 in that the clause " or in case such attachments be quashed, dissolved or ended," and the word " fees " are omitted, and the clause " and recover a judgment against the said defendant " is inserted.   Counsel have urged that these are matters of form, not of substance, and the bond good; that the words " or in case such attachment be quashed, dissolved or ended " add nothing to the strength of the instrument, as if either of these events happen the attachment is not " prosecuted with effect,' the condition is broken, and the sureties liable; that the words " and recover a judgment against the defendant " are surplusage in no way affecting the bond ; and that fees and costs being identical, the omission of the former is of no consequence.

[ The act of 1869 provides an extraordinary remedy for a

simple contract creditor. It enables him to seize the goods of his alleged fraudulent debtor, and hold them for execution before the adjudication of his claim. For an act of bankruptcy it takes the property not for the benefit of all the creditors as it should, but for the one who first gets his writ in the hands of the sheriff. The courts have accordingly put a strict construction on all the provisions of the act, holding, for example, in Hoppes v. Houtz, 133 Pa. 34, that the omission of the words "for the use of the parties interested," which seem to be but declaratory of the purpose for which the bond is given to the commonwealth, to be fatal; and in Parks v. Watts, 112 Pa. 4, an attachment was quashed because made returnable to the next term when a monthly return day intervened, a departure from the requirements of the act to be sure, but one that could not affect the merits of the cause, or injure the defendant.

The act is mandatory that a bond shall be filed by the plaintiff as a prerequisite to the issuance of the writ, and sets forth the conditions to be inserted therein. While it may be true, as contended by plaintiffs' counsel that the words "or in case such attachment be quashed, dissolved or ended" could have been omitted without prejudicing the rights of the defendant, by reason of the previous clause "if the said plaintiffs shall fail to prosecute such attachment with effect" covering the same ground, evidently the legislature did not think so, for they were inserted for the purpose of supplying the defect in the act of 1869 as developed in Harbert v. Gormley, 115 Pa. 237, and to make it sure that upon the happening of either event the defendant would have a remedy for the wrongs done him by the attachment.] [8]

[The inserted clause "and recover a judgment against the defendant" may be regarded as surplusage, but the omission of the word "fees" we think a matter of substance. The introduction of this word in the amended act must have been for some purpose, and the mere fact of its introduction is evidence that the legislature considered it of importance. Costs and fees are different in their nature. Costs are an allowance to a successful party for expenses incurred in conducting his suit, and are in the nature of a penalty on the party failing in the cause; fees are a compensation to an officer for services rendered in its progress: Musser v. Good, 11 S. & R. 247; Ramsey v. Alexander, 5 S. & R. 338; Beale v. Com., 7 Watts, 183.

While the distinction between costs and fees is not generally made, and the latter are usually recoverable under a decree for costs, and if recovered by the party he holds them in trust for the officer (Janes' Appeal, 87 Pa. 428); nevertheless the distinction does exist, and that distinction seems to be here made by the legislature in prescribing the conditions of the bond. The act of 1869 reads "costs and damages," but in order to make it perfectly clear that in case the attachment be quashed, dissolved or ended, the officers would get their fees whether they had been previously paid by the defendant, and thus come strictly under the denomination of "costs," or not, this clause was by the amendment of 1887 made to read "costs, fees and damages." The different nature of costs and fees being thus recognized and the distinction marked, we do not see why the sureties could not take advantage of the omission and defend against the recovery of the latter in an action on this bond.] [9]

The proper practice is to comply strictly with the act and have the bond drawn in conformity with its provisions. Any other rule must lead to doubt and conjecture as to whether or not the conditions of the bond will meet every emergency likely to arise. This uncertainty should not be tolerated, and the decisions of the courts are uniformly against it.

Want of authority to execute the bond by the attorney in fact for the plaintiffs is not raised by the motion, hence will not be considered. The allegation of fraud in the affidavit seems to meet the requirements of the act, and the description of the property sold the defendant, and for which the debt was contracted is in our judgment sufficient.

September 14, 1896, the attachment is dissolved.

*Errors assigned* were (1) the learned court below erred and abused its discretion in granting a rule to show cause why the attachment should not be dissolved, on a mere motion, which does not contain a denial of any material allegation in the plaintiff's affidavit, made by the defendant's attorneys without being sworn to; (2) the learned court erred and abused its discretion in granting a rule to show cause why the attachment should not be dissolved on a mere motion which does not contain a denial of the fraud alleged by the plaintiff; (3) the learned court erred and abused its discretion in dissolving the attachment

after the defendant filed an affidavit of defense to the merits of the plaintiffs' claim; (4) in dissolving the attachment after the defendant filed a bond; (5) in dissolving the attachment after inquiring into the truth of the allegations contained in the affidavit upon which the writ issued; (6–9) portions of the opinion of the court below, reciting same; (10, 11) in dissolving the attachment.

*J. W. Gillespie* and *Lewis Dewart*, for appellant.

*Voris Auten*, with him *L. S. Walter* and *Preston A. Vought*, for appellee.

OPINION BY WICKHAM, J., March 17, 1897:

In this case the court below dissolved the attachment, for the reason that the condition of the bond, given by the plaintiffs, was not in accordance with the requirements of the act of assembly.

If called on to consider the merits of the case, as revealed by the record, and we could in no event go further, we would be compelled to say, that the proceedings in the court below are free from error. It is enough, however, to hold, as was done in the very similar case of Hoppes v. Houtz, 133 Pa. 34, that the order dissolving the attachment is interlocutory and not reviewable here, there being nothing to show any abuse of discretion.

Order affirmed.