## Slingluff, Johns & Co. *v.* J. G. Sisler, alias J. Grant Sisler. Appeal of P. S. Newmyer.

*Attachment under act of* 1869—*Return day*—*Acts of March* 17, 1869, *and May* 24, 1878.

In a county where a rule of court has been adopted in accordance with the Act of May 24, 1878, P. L. 135, relating to return days, an attachment under the Act of March 17, 1869, P. L. 125, will not be set aside on the

ground that it was not made returnable on the first return day after the issuing of the writ. Williamson v. McCormick, 126 Pa. 274, distinguished.

*Attachment under act of 1869—Appeals—Record.*

On an appeal from an order of the common pleas refusing to set aside an attachment under the act of 1869, the appeal brings up nothing but the record, and the Supreme Court will review nothing but the regularity of the proceedings.

*Appeals—Interlocutory order—Attachment under act of 1869.*

An order dissolving or refusing to dissolve an attachment under the act of 1869 is but an interlocutory order from which no appeal lies.

Argued May 8, 1899.  Appeal, No. 181, Jan. T., 1898, by P. S. Newmyer, from order of C. P. Fayette Co., Dec. T., 1895, No. 245, refusing to set aside attachment under the act of 1869. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.  Affirmed.

Rule to set aside attachment under the act of 1869.

The facts appear by the opinion of MESTREZAT, J., which was as follows :

This is an attachment issued under the Fraudulent Debtor's Act of March 17, 1869, as amended by the Act of May 24, 1887, P. L. 197.  The writ was issued October 11, 1895, and made returnable the fourth Monday of October, being the twenty-eighth day.  The writ was served by the sheriff the day it was issued and a return thereof was duly made and filed in the prothonotary's office.  The defendant on November 1, 1895, while a rule to dissolve the attachment was pending, filed a motion to quash the attachment " for the reason that it was not made returnable to the first return day after the issuing thereof." This motion is based upon the 2d section of the act of March 17, 1869, which provides that " every such attachment shall be made returnable on the first return day of said court next after the time of issuing thereof." The Act of May 24, 1878, P. L. 135, as amended by the Act of June 11, 1879, P. L. 125, provides that " the several courts of common pleas of this commonwealth are hereby authorized to direct, by rule or standing order, that all writs issued for the commencement of actions, all writs of scire facias to revive judgment and continue the lien thereof, and all other writs of scire facias, writs and

process of every kind, may, at the election of the party suing out the same, be made returnable on the first Monday of next term, or on the second, third or fourth Monday of any intermediate month." Pursuant to the authority conferred by this act, Rule 35 of this court was made, which is as follows : " All writs issued for the commencement of actions, all writs of scire facias to revive judgments and continue the lien thereof, and all other writs of scire facias, writs and process of every kind, may, at the election of the party suing out the same, be made returnable on the first Monday·of the next term, or on the first, second, third or fourth Monday of any intermediate month."

It will be observed that the next return day after the issuing of the writ in this case was the second Monday (14th day) of October, and that one other day, viz : the third Monday of October, intervened between the issuing of the writ and the day it was made returnable. The position of the plaintiffs' counsel is that the amended act of May 24, 1878, repeals by implication the act of March 17,.1869, and that under the former act and our rule of court the plaintiffs could elect their return day, and, ·therefore, had a legal right to make this writ returnable on the fourth Monday of October. The process issued under the act of 1869 is a writ for the commencement of an action, and therefore within the provisions of the act of 1878. The requirement of the act of 1869 as to the return day of the writ is clearly repugnant to the provisions of the act of 1878. In this respect both acts cannot stand, and, to that extent, the later repeals the earlier statute. We are therefore of the opinion that the plaintiffs could, at their election, make the writ in this case returnable the fourth Monday of October, although it was not the " next return day after the issuing thereof," and that the motion to quash for that reason must be denied. The defendant relies on Williamson v. McCormick, 126 Pa. 274, to sustain his position. That case arose in Luzerne county. The special act of May 25, 1871, fixed the return days in that county. The court below quashed the writ because it was not made returnable to the next return day fixed by said act, as provided in the act of 1869. The act of 1878 was not called to the attention of the court, and if it had been possibly there would not have been a different conclusion ; for so far as appears from the report of

the case, and the paper-book of the plaintiff in error, the common pleas of Luzerne county had adopted no rule or order fixing return days pursuant to the act of 1878. Hence we do not think that Williamson v. McCormick, supra, rules the case at bar.

The motion to quash the attachment is denied.

*Error assigned* was the order of the court.

*Edward Campbell,* for appellant.—The act of 1869 is imperative, and requires that every such writ as the writ in this case shall be returnable to the "first return day of the court next after the issuing thereof:" Parks v. Watts, 112 Pa. 4; Williamson v. McCormick, 126 Pa. 274; Hall v. Kintz, 12 Pa. C. C. R. 90; Freudenthal v. Schulman, 17 Pa. C. C. R. 292.

*D. M. Hertzog,* with him *E. D. Fulton,* for appellees.—The attachment is an action: Lieberman v. Hoffman, 102 Pa. 590; Brenner v. Moyer, 10 W. N. C. 565; Brenner, Trucks & Co. v. Moyer, 98 Pa. 274; Miller v. Rohrer, 127 Pa. 385.

The acts of 1869 and 1878 are so flatly repugnant that they cannot both stand as to the return day of a writ of attachment: Starbird v. Koonse, 10 Pa. C. C. R. 450; Sowers v. Leiby, 4 Pa. C. C. R. 229.

An appeal from such attachment proceedings brings up nothing but the record below, and nothing will be reviewed here except as to the regularity of the proceedings : Hoppes v. Houtz, 133 Pa. 34; Wetherald v. Shupe, 109 Pa. 389; Hall v. Oyster, 168 Pa. 399; Moss v. Mitchell Bros., 174 Pa. 517; Lafferty v. Corcoran, 175 Pa. 5.

OPINION BY MR. JUSTICE GREEN, October 19, 1899:

If the act of 1878, as amended by the Act of 1879, P. L. 125, had simply created additional return days, there would have been no such hostility between that act and the Act of March 17, 1869, P. L. 9, as that the two could not stand together, and therefore the provisions of the act of 1869, that the writ of attachment should "be made returnable on the first return day of said court next after the time of issuing thereof," would not have been repealed by the later act. In that event there would have

been only additional return days, and the provision of the act of 1869, that in attachment cases under that act the writ should be returnable on the first return day after it issued, would still have prevailed in all that class of cases. But the act of 1878 did more than create additional return days. It provided that the party suing out the writ may at his own election make the process returnable "on the first Monday of next term, or on the second, third or fourth Monday of any intermediate month." If the plaintiff in the writ could make it returnable on any of these days at his own pleasure, he was no longer bound to make it returnable on the particular return day fixed by the act of 1869, hence that act was no longer the binding authority fixing the return day. On the contrary, under the act of 1878, and the rule of court adopted by the court below under the authority of the act, it was the mere will of the plaintiff in the writ that determined what should be its return day. Williamson v. McCormick, 126 Pa. 274, has no application. The Act of 1871, P. L. 1150, merely created two additional return days, and contained no provision like that in the act of 1878 making the return day depend on the mere will of the plaintiff in the writ. The act was confined to the county of Luzerne where the case arose. The act of 1878 was not considered by the court, nor could it have been, as no rule of court authorized by the act of 1878 was ever adopted by the common pleas of Luzerne county, and the question at issue in this case could not arise in that. It follows that there was no error in refusing to set aside the writ on the ground that it was not made returnable on the first return day after the issuing of the writ.

On the question as to setting aside the writ upon the ground that there was no proof of any facts sufficient to sustain the writ, we have frequently decided that in this class of cases the appeal brings up nothing but the record, and that we will review nothing but the regularity of the proceedings: Wetherald v. Shupe, 109 Pa. 389; Hoppes v. Houtz, 133 Pa. 34; Lafferty v. Corcoran, 175 Pa. 5; Hall v. Oyster, 168 Pa. 399; Moss v. Mitchell Bros., 174 Pa. 517. In all the foregoing cases we held also that the order dissolving, or refusing to dissolve, the attachment, was but an interlocutory order from which an appeal would not lie. In Moss v. Mitchell Bros. we said, "We con-

sider it beyond all question that the order refusing to dissolve the attachment is interlocutory only, and that hence no appeal will lie at this time. The appeal is a mere substitute for a certiorari, and brings up nothing but the record: Hoppes v. Houtz, 133 Pa. 34. The evidence is not before us, and there is nothing to show that the court below was in error." The exception in case of an abuse of discretion will not be applicable here because there is nothing before us to show that there was any abuse of discretion in refusing the order. In Wetherald v. Shupe, 109 Pa. 389, we said, GORDON, J.: " There are two reasons why the action of the court below in dissolving the attachment in this case cannot be reviewed on a writ of error from this court: (1) The 6th section of the act of March 17, 1869, under which the process in attachment was had, gives to the court of common pleas when in session, or to a judge thereof in vacation, a discretionary power to dissolve the attachment issued under its provisions, and the statute gives us no power to review the exercise of that discretion; (2) the proceedings are contrary to the course of the common law; they are purely statutory, hence they can be reviewed on a certiorari only, and not upon a writ of error. . . . It follows that whatever our opinion may be as to the rectitude of the action of the court below in the premises we are obliged to quash the writ of error." In Lafferty v. Corcoran, 175 Pa. 5, we said : " This is an appeal from the decree of the court below discharging defendant's 'rule to show cause why the writ of attachment should not be quashed,' etc. In the absence of any statutory authority for an appeal in such cases, we have no power to review the action of the court below in the premises."

In Hall v. Oyster, 168 Pa. 399, we said : " This so-called appeal is in fact merely a certiorari, and must be so treated. It brings up for review nothing but the record proper, which does not include the evidence on which the court acted in dissolving the attachment. Under the act of 1869 that action of the court below was within its discretion, and we have nothing before us to show that the discretion was abused."

Other authorities are to the same effect. The question is not an open one.

Judgment affirmed.