## Ingram, Appellant, *v.* Orangers.

*Appeals—Attachment under Act of March 17, 1869, P. L. 8—Records —Evidence—Discretion of court—Quashing appeal.*

· An appeal from an order dissolving an attachment under the fraudulent debtors Act of March 17, 1869, P. L. 8, takes up nothing but the record proper, which does not include the evidence. If there is no error in the record the appeal will be quashed; and in such a case a motion to quash will be entertained before the return day.

. Submitted Feb. 28, 1907.    Appeal, No. 257, Oct. T., 1906, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1906, No. 1,891, dissolving attachment under act of 1869, in case of Charles Ingram and Alfred Armitage, trading as Armitage Brothers, v. Charles C. Orangers.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Appeal quashed.

Motion to quash appeal.

*Charles H. Roberts* and *Hugh Roberts,* for appellants.

*G. Douglas Bartlett* and *George Wentworth Carr,* for appellee.

·PER CURIAM, April 15, 1907:

This is a rule to show cause why the plaintiff's appeal from an order dissolving their attachment issued under the Act of March

17, 1869, P. L. 8, should not be quashed. It is apparent from the appellants' answer to this rule that the matter complained of is, not that the court did not have jurisdiction to dissolve the attachment, nor that there is any irregularity in the proceedings, but that the court erred in not taking a different view of the evidence. But the appeal in such a case brings up nothing but the record proper, which does not include the evidence on which the court acted in dissolving the attachment. Hence, if the proceedings are regular, the action of the court is not reviewable on appeal: Wetherald v. Shupe, 109 Pa. 389 ; Black v. Oblender, 2 Mona. 339 ; Hoppes v. Houtz, 133 Pa. 34 ; Hall v. Oyster, 168 Pa. 399 ; Werner v. Gross, 174 Pa. 622 ; Lafferty v. Corcoran, 175 Pa. 5. Ordinarily, an appeal will not be quashed before the return day, but it has been done in cases of appeals from interlocutory judgments ; also where the record showed a waiver of appeal, and in other exceptional instances. As the object of this appeal is not to correct any error of record, but to bring up for review the discretionary action of the court on the evidence—a matter not reviewable—it seems to be a proper case to entertain a motion to quash before the return day.

The rule to show cause why the appeal should not be quashed is made absolute.