## Steinman, Appellant, v. Kreider.

*Attachment under the act of 1869—Dissolution of attachment—Waiver.*

1. Where a defendant in an attachment under the Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197, files an answer denying the allegations of fraud in plaintiff's affidavit and suggesting that the attachment should be dissolved, he may four months later present a petition for a rule to dissolve the attachment, and such petition will not be refused on the ground that it was presented too late.

*Appeals—Record—Evidence—Attachment under act of 1869 — Dissolution of attachment.*

2. An appeal from an order making absolute a rule to dissolve an at-

tachment under the act of 1869, takes up nothing but the record proper, which does not include the evidence upon which the court below acted. Even if the opinion of the lower court be looked into to ascertain the grounds of the decision, the case will not be reversed, if no abuse of discretion is disclosed.

Argued Nov. 17, 1911.   Appeal, No. 181, Oct. T., 1911, by plaintiff, from order of C. P. Lancaster Co., Feb. T., 1911, No. 29, making absolute rule to dissolve attachment in case of Susan Steinman v. Charles Kreider.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Rule to dissolve attachment.

HASSLER, J., filed the following opinion:

This is an application to dissolve an attachment under the act of 1869.   The affidavit gives as the ground for issuing it (1) that the defendant has "assigned, disposed of or removed or is about to assign, dispose of, or remove his property, money, rights in action, evidence of debt which he has or did have, with intent to defraud his creditors, particularly the deponent, and (2) the said defendant fraudulently contracted the said debt or incurred the said obligation for which the claim in suit is made."   Either of these allegations is sufficient to support an attachment, so that if on this application there is such testimony as will justify the court in finding either of them sufficiently proven, we must refuse to dissolve it.

There is no such testimony as to the allegation that the defendant has or is about to dispose of or remove any of his property for the purpose of defrauding his creditors. That he sold or traded a pair of mules and loaned a grain drill is what anyone might do with their property.   But from this, in view of the fact that he retained sufficient to farm a place of thirty acres, we could not be expected to find by inference that he intended to defraud his creditors.

Nor do we think that it has been shown that he fraudu-

lently contracted the debt or any part of it. Much of the testimony did not throw any light on this question. He had been plaintiff's tenant farmer for several years. It may be that he forged a receipt, or sold more of the wheat than he claims he sold or neglected the corn crop, but certainly it would not be contended that these acts, or any of them, was fraudulently contracting a debt. The note for $500, upon which only a part is claimed to be due, was given by the defendant to the plaintiff for money advanced by her to him when he moved on the place. No fraud or dishonesty of any kind is claimed in obtaining that money. No competent testimony was offered to show that he killed a cow. He may have neglected the corn crop through which plaintiff suffered loss, but that was in no sense a fraud. It may be a question whether he sold more wheat than he said he did, or whether he accounted for it and paid part over to the plaintiff, but that is not such a fraudulent contraction of a debt as would justify an attachment. The amount involved in the wheat transaction, is only a small part of plaintiff's claim, and would not justify the attachment, even though it did amount to fraud: Wright v. Ewen, 24 W. N. C. 111; Wilson v. Greenwood, 8 Kulp, 210; National Brewing Co. v. Bomgardner, 5 Pa. Dist. Rep. 365. [Much stress is laid upon the fact that, as there is testimony to show that a receipt on the note of defendant was forged, it is evidence of fraud. Concede that to be true, we fail to see what relevancy it has to the questions involved here, as it neither shows an attempt to dispose of his property by the defendant nor fraudulently contracting the debt.] [2] [The dispute between the parties here is one that is not uncommon between a landlord and tenant after the termination of their relations, and as the defendant has done nothing, so far as the testimony shows, either in fraudulently contracting a debt, or in putting his property out of the reach of plaintiff, she cannot bind his property by an attachment pending the adjudication of their differences. We, therefore, dissolve it.] [3]

412, (1911).]   Assignment of Error—Opinion of the Court.

*Errors assigned* were (1) in dissolving the attachment; (2, 3) portions of opinion as above, quoting them.

*B. F. Davis*, for appellant.

*John M. Groff*, for appellee.

PER CURIAM, December 11, 1911:

This action was begun by attachment under the Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197. The defendant filed a sworn answer denying many of the facts alleged in what is styled "plaintiff's affidavit of claim," upon which the attachment issued, and denying particularly the allegations of fraud. This answer concluded with the suggestion "that the attachment should be dissolved, it having caused him a great inconvenience and financial loss." Between three and four months later the defendant presented his petition and affidavit, conforming in many particulars to his previous answer, again denying the allegations of fraud and concluding with a prayer for a rule to show cause why the attachment should not be dissolved. The court granted the rule, and after hearing upon depositions made it absolute. From that order the plaintiff took this appeal.

1. It is contended that the petition to dissolve was presented too late. This contention is based on the assumption that the answer filed by the defendant was an affidavit of defense on the merits. But as already seen, it was more than that. By denying the allegations of fraud, and suggesting that the attachment should be dissolved, ground was laid for a formal application for a rule to dissolve. By no sort of reasoning can it be held to be a waiver of that right.

2. The remaining portions of the argument by appellant's counsel are directed against the conclusion reached by the court from a consideration of the evidence presented by the depositions. But it is well settled by the

decisions that the appeal in such case brings up nothing but the record proper, which does not include the evidence upon which the court acted: Wetherald v. Shupe, 109 Pa. 389; Hall v. Oyster, 168 Pa. 399; Lafferty v. Corcoran, 175 Pa. 5; Slingluff v. Sisler, 193 Pa. 264; Ingram v. Orangers, 33 Pa. Superior Ct. 316. It is to be observed that the issue before the court, under the affidavit upon which the attachment was founded, was whether the defendant had fraudulently contracted the debt, or had disposed, or was about to dispose, of his property with intent to defraud his creditors. This being the issue, we discover nothing in the opinion of the learned judge to warrant the conclusion that he proceeded upon a wrong theory in considering the evidence. Strictly speaking, the opinion filed at the time the order was made is not part of the record. But even if it be looked into to ascertain the grounds of the decision, no abuse of discretion is disclosed. It is to be observed further that the dissolution of the attachment did not end the action, and, therefore, the argument, as to the province of the jury in determining questions of fact as to the amount and extent of defendant's indebtedness, is not pertinent in the present inquiry.

The order is affirmed.