## Sobern, Appellant, *v.* Liepicz.

*Appeals—Interlocutory order—Quashing writ of foreign attachment.*

1. An order quashing a writ of foreign attachment is an interlocutory order from which no appeal lies.

2. Where a minor begins a suit for breach of promise of marriage by a foreign attachment, through a next friend, but subsequently marries the defendant, the minor by her husband has full power to discharge her former counsel and make defense to the claim of the next friend for expenses incurred in the suit. In such a case the action of the court of common pleas in quashing the writ of foreign attachment at the instance of the minor and her husband, will not be reviewed by the appellate court.

Argued Oct. 20, 1914. Appeal, No. 94, Oct. T., 1914, by Magdalina Bowit, from order of C. P. No. 3, Phila. Co., Dec. T., 1913, No. 198, quashing writ of foreign attachment in case of Mary Sobern v. Stanislaw Liepicz. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Motion to quash writ of foreign attachment.

From the record it appeared that Magdalina Bowit by her next friend, Mary Sobern, began a suit for breach of promise of marriage against Stanislaw. Liepicz by a writ of foreign attachment, with the Philadelphia Savings Fund Society as garnishee. Subsequently the plaintiff married Liepicz and thereafter upon the application of Liepicz and his wife the court quashed the writ of foreign attachment. This action was resisted by Mary

Sobern on the ground that she had not been repaid the expenses which she had incurred on behalf of Magdelina Bowit.

*Error assigned* was the order of the court.

*L. L. Eyre,* with him *Allen Spangler,* for appellant.— We earnestly submit that there is no authority whatever for the summary action of the court below in dissolving the attachment, as the record then stood, and we contend that the case being at issue and ready for trial upon exactly the same questions of fact should have taken its regular course: Dempsey v. Petersburg S. & Ins. Co., 26 Pa. Superior Ct. 633; Steel v. Goodwin, 113 Pa. 288; Lorenz v. Orlady, 87 Pa. 226.

The order of a court of common pleas dissolving a foreign attachment will be reversed where it appears that the ground for so doing was based upon a matter of defense to the claim upon which the attachment was issued: Murdock v. Steiner, 45 Pa. 349.

The powers of a next friend are strictly limited to matters connected with the suit in which he is appointed; but in that suit he is a full representative of the rights and interests of the infant and is clothed with as full and perfect authority for that suit as the general guardian is for all the duties incident to his office: Burrus v. Burrus, 56 Miss. 92; Sprague v. Beamer, 45 Ill. App. 17; Baltimore, etc., R. Co. v. Fitzpatrick, 36 Md. 619; Tourie v. Nelson, 1 Tenn. Ch. Rep. 614.

*Reuben Levi,* for appellee.—The real plaintiff had a right to settle her case: Ristenbatt v. Behny, 3 Lancaster L. R. 1; Dyer v. Cornell, 4 Pa. 359; Pereyra's App., 126 Pa. 220; Eichert's Est., 155 Pa. 59.

It has been repeatedly held that an order dissolving or refusing to dissolve an attachment under the act of 1869, known as the fraudulent debtor's act, is but an interlocutory order from which no appeal lies: Slingluff

v. Sisler, 193 Pa. 264; Hoppes v. Houtz, 133 Pa. 34; Ingram v. Orangers, 33 Pa. Superior Ct. 316; Dempsey v. Petersburg S. & Ins. Co., 26 Pa. Superior Ct. 633; Bellah v. Poole, 202 Pa. 71; Hoppes v. Houtz, 133 Pa. 34.

OPINION BY ORLADY, J., April 19, 1915:

The general rule is that the action of the court, in quashing a writ of foreign attachment is not reviewable, it being an interlocutory order, from which no appeal lies: Hoppes v. Houty, 133 Pa. 34; Slingluff v. Sisler, 193 Pa. 264; Ingram v. Oranges, 33 Pa. Superior Ct. 316; Schuck v. Freeman, 55 Pa. Superior Ct. 38. Nor do the facts disclosed by this record take this appeal out of the general rule. While the next friend of the minor was not made a party, her counsel was served and appeared at the hearing to resist the proceeding. The fact of marriage of the minor to an adult husband after the institution of the suit, must be assumed under the record, and, at that time, the interest of the next friend and her counsel were apparently hostile to that of the infant. Under such facts the minor by her husband had full power to discharge her former counsel and make defense to the claim of the next friend: Dyer v. Cornell, 4 Pa. 359; Pereyra's App., 126 Pa. 220; Eichert's Est., 155 Pa. 59.

The effort of the appellant and her counsel to protect Magdalina Bowit was highly meritorious, but such voluntary services do not create a legal liability, and the moral obligation for such is frequently ignored. We have nothing to do with the merits of the claim of the appellant in this proceeding.

The order of the court in quashing the writ is affirmed.