## Rouss, Appellant, v. Gilliam.

*Attachment under Act of 1869—Appeals—Interlocutory order—Dissolution of attachment—Certiorari—Acts of March 17, 1869, P. L. 9, and May 24, 1887, P. L. 197.*

An order of the court dissolving or refusing to dissolve, an attachment under the Act of March 17, 1869, P. L. 9, as amended by the Act of May 24, 1887, P. L. 197, is interlocutory from which an appeal will not lie. Even if such appeal could be entertained it would merely be in the nature of a certiorari, and the examination of the appellate court would be limited solely to the regularity of the proceeding as shown by the record.

If from the opinion filed it might appear that the court below proceeded upon an erroneous conception of the law as applied to the evidence, and in doing so abused the discretion lodged in it by the sixth section of the Act of March 17, 1869, P. L. 9, the appellate court might consider the question of such abuse of discretion, if there is anything on the record to show that there was any such abuse.

Where possession has been taken, by the sheriff, of a defendant's goods in an attachment under the Act of March 17, 1869, P. L. 9, and its amendments, and the plaintiff does not file his statement of claim for more than a year after the attachment issued, the court does not abuse its discretion in dissolving the attachment because of the plaintiff's laches in failing to vigorously prosecute the case.

The writ cannot be used to oppress the defendant, and while the act directs that the proceeding should follow that of a summons for debt, it places it in the hands of the court to dissolve the attachment for cause shown.

Argued Oct. 29, 1918. Appeal, No. 127, Oct. T., 1918, by plaintiff, from order of C. P. Centre Co., May T.,

1916, No. 158, dissolving attachment in case of Peter W. Rouss, trading and doing business as Charles Broadway Rouss, v. J. S. Gilliam et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to dissolve attachment under Act of March 17, 1869, P. L. 9.

QUIGLEY, P. J., filed the following opinion:

On the 13th of April, 1916, the plaintiff filed his præcipe for an attachment under the Fraudulent Debtor's Act of March 17, 1869, and in pursuance thereof the sheriff of Centre County attached certain personal property of the defendant, consisting of a stock of merchandise. Answer was filed to the same by the defendant, as well as by F. W. Crider, landlord of the premises occupied by the defendant, who, upon petition, had been allowed to intervene, and a motion was pending to dissolve the attachment and quash the proceedings when the defendant died on or about the 16th of July, 1916. His counsel, who is also executor of the estate, has filed a petition to dissolve said attachment because of the death of said defendant.

Counsel for said defendant contends that the death of the defendant before judgment works a dissolution of the attachment, on the theory that in this respect there is no distinction between an attachment under this act and an attachment under the Foreign Attachment Act.

That death before judgment works a dissolution in a proceeding in foreign attachment there can be no question. In Reynolds v. Nesbitt, 196 Pa. 638, Mr. Chief Justice GREEN says: "An examination of the authorities shows that this court has, in repeated instances, decided that the death of a defendant in a writ of foreign attachment, before final judgment against him was obtained, works a dissolution of the attachment."

As far as we can ascertain, the appellate courts have not passed directly on the point in question. The act,

596    ROUSS, Appellant, *v.* GILLIAM.

Opinion of Court below—Opinion of the Court. [70 Pa. Superior Ct.

however, was construed by BRIGGS, J., in Frailey v. Insurance Company, 9 Philadelphia 219, as follows:

"Before the plaintiff obtained his judgment the defendant corporation had been dissolved according to law, and hence had no legal existence at the time of judgment. Such a judgment is as ineffectual as would be a judgment given against a dead person, though such deceased person were alive at the institution of the suit. The issuance of the attachment under the Act of April 17, 1869, is an assertion by the plaintiff of his right of action against the defendant, but it is not an adjudication of such right, nor has it such effect.

"In this case the defendants being functus officio at the time of the judgment, the judgment does not estop the receiver. This was expressly ruled in Farmers' and Mechanics' Bank v. Little, 8 W. & S. 207."

The court cited with approval the case of Farmers' and Mechanics' Bank v. Little, 8 W. & S. 207, holding in effect that the rule applies as well to an attachment under the Act of 1869 as under the Foreign Attachment Act.

This we believe to be the proper construction, and therefore grant the prayer of the petitioner.

And now, March 20, 1918, the attachment is hereby dissolved at the cost of the plaintiff.

*Error assigned* was order dissolving the attachment.

*Ellis L. Orvis,* with him *W. D. Zerby,* for appellant.

*N. B. Spangler,* for appellee.

OPINION BY KEPHART, J., January 3, 1919:

An order of the court dissolving, or refusing to dissolve, an attachment under the Act of March 17, 1869, P. L. 9, as amended by the Act of May 24, 1887, P. L. 197, is interlocutory from which an appeal will not lie: Slingluff, Johns & Co. v. Sisler, 193

Pa. 264-268. The appeal in the present case is in the nature of a certiorari, and if it could be entertained, the evidence is not before us. Our examination is limited solely to the regularity of the proceeding as shown by the record: Wetherald v. Shupe, 109 Pa. 389; Hoppes v. Houtz, 133 Pa. 34; Lafferty v. Corcoran, 175 Pa. 5; Hall v. Oyster, 168 Pa. 399; Moss v. Mitchell Bros., 174 Pa. 517; Slingluff, Johns & Co. v. Sisler, supra. If from the opinion filed, it might appear that the court below proceeded upon an erroneous conception of the law as applied to the evidence and in so doing abused the discretion lodged in it by the sixth section of the Act of March 17, 1869, we might consider some of the questions presented, but, as stated in Slingluff, Johns & Co. v. Sisler, supra: "The exception in case of an abuse of discretion will not be applicable here because there is nothing before us to show that there was any abuse of discretion." It may be noticed that in dissolving an attachment, it is a final determination of the particular inquiry then before the court. Through it the plaintiff is compelled to relinquish his grasp on personal property and may never again be able to recover it. The order dissolving the attachment may be the act which effectively deprives him of the payment of his claim as the defendant may successfully dispose of his property. However, in passing, we may observe from the record of the proceedings the writ issued April 13, 1916, and the defendant died July 16, 1916. The plaintiff did not file his statement until April 17, 1917. Where possession has been taken, by the sheriff, of the defendant's goods in an attachment under the Act of 1869 and its amendments, and the plaintiff does not file his statement of claim for more than a year after the attachment issued, the court does not abuse its discretion in dissolving the attachment because of the plaintiff's laches in failing to vigorously prosecute the case. This is the rule unless some very good reason appears for the plaintiff's failure to file his statement. The purpose of an attachment under this

act and its amendments is to secure to creditors the property of debtors who are about to move such property out of the jurisdiction of the court, or who are about to assign, dispose of, or otherwise get rid of their property with intent to defraud creditors. The attachment is in the nature of an ancillary writ to the commencement of an action by summons for debt regularly issued and served. It is like an ordinary summons with a clause of attachment as a part of it and it enables the plaintiff to get judgment and seize the property by execution unless his debt is paid. But the plaintiff's debt, as averred in the statement, has not been liquidated until a judgment has been entered and it may be through some defense on the merits that he would not be entitled to anything. The writ cannot be used to oppress the defendant, and while the act directs that the proceeding should follow that of a summons for debt, it places it in the hands of the court to dissolve the attachment for cause shown. Failure to promptly prosecute an attachment issued under this act would be sufficient cause to dissolve it. The determination of this question rests in the sound discretion of the judge hearing the case. The docket entries show that the attachment was served after the defendant died, and while certain papers correcting this have since the argument been presented to the court, they are not a part of the record and could not become a part of it unless the record was returned to the court below and amended as prayed for in the petition. With this done we would not change our determination on the question before us.

The appeal is dismissed at the cost of the appellant.