## Sharpless *versus* Ziegler.

## Good *versus* Same.

92  467
f 196  122

1. An affidavit for an attachment, under the Act of March 17th 1869, is sufficient, if made in the words of the act without setting out specific acts of fraud.

2. Under the act, such an affidavit is a sufficient warrant to the prothonotary to issue the writ, as the act is not designed so much for the satisfaction of his mind as to the rectitude of the application, as to commit, on oath, the applicant to the truth of his allegations, in order that he may be legally liable therefor, if false.

January 15th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county* : Of January Term 1880, Nos. 48 and 49.

These were attachments under the Act of March 17th 1869, Pamph. L. 8, the one issued by Sharpless & Sons against George W. Ziegler, and the other by Good & Wilson against same defendant.

The following was the affidavit in Sharpless *v.* Zeigler, on which the attachment issued :

" William M. Wylie, of the city of Philadelphia, state of Pennsylvania, salesman and buyer for George W. Ziegler, having been duly sworn according to law, deposes and says: that the said Ziegler is indebted to the firm of Sharpless & Sons, plaintiffs herein, in the amount of $897.15 for goods sold and delivered by said Sharpless & Sons to said Ziegler, since the first day of January, A. D. 1879, and that deponent appearing on behalf of the said plaintiffs, deposes that the said debt is a just debt, and that the said goods were dry goods; and that the said defendant, George W. Ziegler, is now the owner and possessor of about $7000 worth of goods, among which are some of the identical goods in question, and that the said goôds are now held by defendant in his store, No. 50 North Eighth Street, in said city ; and that said Ziegler is about to assign and dispose of his said property and goods and chattels, at his store aforesaid, with the intent to defraud these said plaintiffs, and his, the said Ziegler's creditors, and that the said property constitutes all the property of any kind owned by said Ziegler to the knowledge of this deponent.

" (Signed,)                           WILLIAM M. WYLIE."

The following was the affidavit in Good *v.* Ziegler :

" William M. Wylie having been duly sworn according to law, deposes and says, that he is the buyer for George W. Ziegler, the defendant, and is of the city of Philadelphia, and state of Pennsyl-

[Sharpless *v.* Ziegler.]

vania, and that he appears for the plaintiffs, Good & Wilson; and that the said Ziegler is justly indebted to the said plaintiffs in a sum exceeding $100, and that the nature of the said indebtedness is as follows, namely, for and on account of dry goods sold and delivered by said Good & Wilson to said Ziegler, and amounts to the sum of $774.81; and that Ziegler, party defendant thereto, is about to assign and dispose of his property with intent to defraud the said plaintiffs, and his, the said Ziegler's other creditors; and that the said Ziegler's property consists of certain goods and chattels of the value of about $7000, now in his possession at his store, No. 50 North Eighth Street, in said city, and of personal property at his residence, No. 805 Arch Street, in said city, and that said Zeigler has no other property to the knowledge of this deponent.

"(Signed,)                    WILLIAM M. WYLIE."

Ziegler made the following affidavit:

"That he is indebted to the said plaintiffs, but that he has not committed, nor contemplated committing any of the acts alleged in the affidavit filed in this case; and that he has not assigned nor disposed of his property or any of it, with the intent to defraud the plaintiffs, or any of his creditors; nor has he removed, disposed of, or concealed any of his property and goods with such intent."

Wylie made another affidavit wherein he deposed:

"That what he meant to say in the affidavit filed in this case, was, that said George W. Ziegler was about to make a general assignment for the benefit of his creditors, to some irresponsible party, and that he did not mean to impute any fraud or concealment of property. That Mr. Hunn, the attorney for the plaintiffs, stated to the deponent, that the only object was to prevent the making of a general assignment to such a party, and that a meeting of the creditors was to be called; that deponent has no knowledge of any contemplated fraud on the part of said defendant."

Like affidavits were filed in each case. The prothonotary issued attachments in pursuance thereof, and the sheriff seized the goods of the defendant. The defendant, by his attorney, obtained a rule to show cause why the attachments should not be quashed. The court upon argument without hearing testimony, quashed the attachments, on account of the insufficiency of the affidavits whereon they were grounded.

The plaintiffs took these writs and alleged, that the court erred in this action.

*E. Hunn, Jr.* and *J. B. Townsend,* for plaintiffs in error.—The affidavits upon which the attachments issued, followed strictly the words of the statute. There was no act of fraud to set out; the act was in expectancy. Affidavits in this form were held to be good in several of the Common Pleas courts throughout the state:

[Sharpless v. Ziegler.]

Ferris v. Carleton, 8 Phila. 549; Richards v. Donaughey, 34 Leg. Int. 98 and 24; Dodge v. Redington, 2 Luz. Law Reg. 115; Hepler v. Kehler, 1 Leg. Ch. 47. Probable cause is sufficient upon which to issue the attachment: Commonwealth v. McCabe, 10 Harris 450; Hall v. McKnight, 3 Am. Law Jour. 380. The court should have heard depositions before deciding the case: Dallett v. Feltus et al., 7 Phila. 627; Gillingham v. Kiehl, 1 W. N. C. 146; Wightman v. Henry, 1 Id. 74; Kaine v. Weigley, 10 Harris 179. The quashing the attachment was in the nature of a final judgment, and a writ of error lies.

*Thomas J. Diehl,* for defendant in error.—Under the Act of 1869, the action of the court in relation to these attachments is an exercise of discretion, and it is not reviewable. It has been repeatedly held, and without serious questioning, that an attachment, under the Act of 1869, will not be sustained, if the affidavit on which it is granted is in the words of the statute: Moyer v. Kellogg, 1 W. N. C. 134; Bond v. Wheeler, Id. 282; Waldman v. Fisher, Id. 360; Teneyck v. Hoffman, 2 W. N. C. 82; Born v. Zimmerman, 8 Phila. R. 233; Miller v. Smith, 34 Leg. Int. 68. It is even said in Ferris v. Carlton, 8 Phila. R. 549, by Harding, P. J., that an affidavit in the words of the act, will suffice to found the attachment upon. "But," he says, "the attachment will be dissolved or quashed by the court on motion and hearing, unless the plaintiff proves specific acts of fraud, or acts indicating a fraudulent intent."

Mr. Justice GORDON delivered the opinion of the court, February 9th 1880,

By the first section of the Act of March 17th 1869, it is made the duty of the prothonotary to issue a writ of attachment upon the filing, by the plaintiff, of the affidavit in said act prescribed. This attachment is in the nature of an original writ, for not only may goods and chattels be attached by it, but in case of personal service, or in case the defendant resides in the county, "the court shall proceed in the case in like manner as in the case of a summons for debt regularly issued and duly served." When, therefore, the plaintiff has filed an affidavit in the language, or substantially in the language of the act, and has executed the required bond, this writ issues of right and not of grace. In this it differs widely from the Act of 1842, for in the first place, the application under that act is for a warrant of arrest; and in the second place, this application must be made to a judge of the court, who, before he issues the warrant, must be satisfied of the truth and accuracy of the charges preferred. His acts and proceedings are judicial, and so a critical examination of the affidavits may be had, which is not possible before a mere executive officer.

[Sharpless *v.* Ziegler.]

But even under the Act of 1842, it is sufficient that the affidavit sets forth a case of fraud in general terms; it is enough, in the first instance, that it shows probable cause to the satisfaction of the judge: Gosline *v.* Place, 8 Casey 520; Berger *v.* Smull, 3 Wright 302. Surely, then, under the Act of 1869, it is a sufficient warrant to the prothonotary to issue the writ, if the affidavit, as in the case in hand follows the language of the statute. As he is not a judicial officer, this part of the act could not have been designed so much for the satisfaction of his mind as to the rectitude of the application, as to commit on oath, the applicant to the truth of his allegations, in order that he might thereafter be legally liable therefor.

That we thus give the true intention of the act, is the more obvious in that, the Court of Common Pleas, or a judge thereof, may, at any time after the attachment has issued, dissolve it on proper cause shown, whether that cause appear from the face of the original affidavit, or from evidence *dehors* that paper. But in such case, where there has been a service, or the defendant resides in the county, the suit proceeds to judgment as upon summons in ordinary cases. In the case in hand, however, the plaintiff was turned out of court by the quashing of his writ, and in this manner an end was put to his case, a result which was equivalent to a final judgment. This action of the court was erroneous, and for this cause the judgment is reversed and a *procedendo* is awarded.

Let a like judgment be entered in the case of GOOD *v.* SHARP-LESS.