# E. S. DAVIS, EXECUTRIX, v. JOHN TINGLEY.

ERROR TO THE COURT OF COMMON PLEAS NO. 1, OF PHILA-
DELPHIA COUNTY.

Argued March 31, 1887—Decided April 11, 1887.

To a rule to show cause in foreign attachment, the plaintiff answered that he and the defendant, being copartners in the manufacture and sale of certain articles under certain patents owned by them, of which copartnership plaintiff was a silent member, in consideration of a certain royalty to be paid to the defendant, joined in a grant to the garnishee in the writ of an exclusive license to manufacture and sell under said patents one of said articles, and that the defendant had not accounted to the plaintiff for his share of the royalties received: *Held*, that the answer, with the agreement made part of it, showed cause of action.

Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ.; GORDON and PAXSON, JJ., absent.

No. 162 January Term 1887, Sup. Ct.; court below, No. 14 December Term 1886, C. P.

Elizabeth S. Davis, executrix of Samuel L. Davis, deceased, began this proceeding in the court below by writ of foreign attachment against John Tingley, summoning Charles G. Blatchley as garnishee. A rule to show cause of action was granted on motion of Mr. Melick, an attorney at law, whose appearance was not entered of record. In reply, the plaintiff filed an affidavit of cause of action setting out the death of Samuel L. Davis in August, 1886, the probate of his will and the grant of letters, etc.; that in 1868 letters patent had been granted to the defendant for an improvement in tightening bands for vessels, which letters the defendant had assigned to himself and said Samuel L. Davis; that on January 1, 1871, said Samuel L. Davis and the defendant entered into articles of copartnership for the manufacture and sale under their patents, of churns, air-tight pails, oyster buckets, and a "New Revolving Ice Cream Machine;" that said Samuel L. Davis under said articles was to act as a silent partner, "his name to be withheld from the public in connection with this copartner-ship;" that business was carried on by the parties under this association until on June 6, 1871, "when they entered into a certain agreement with Charles G. Blatchley, the garnishee herein named, wherein it was agreed that said Tingley and Davis (now deceased) in consideration of one dollar, and the further consideration of five per cent. royalty or license fee to·be paid by said Blatchley *to said Tingley and Davis* (now deceased) on the gross amount of sales of their patented arti-cles, did then and there license the said Charles G. Blatchley to manufacture in Philadelphia, and to sell to others to be vended, articles manufactured under their said patents known as the 'Tightening Band, No. 81,843' as aforesaid, and a pat-ented improvement known as the 'Improved Ice Cream Freezer, No. 115,657'; that the said Blatchley engaged under said agreement in the manufacture of articles under said patents and annually paid the royalties or license fees to said defend-ant; that defendant had received in such royalties or license

fees from said Blatchley in all about $6,500 and had not accounted with or paid to said Davis his share of the same, although often requested so to do," etc.

At the hearing of the rule to show cause of action it was objected that copies of the instruments referred to in the affidavit should have been attached, whereupon the originals of the agreement of copartnership between the defendant and said Davis, and of the grant to Charles G. Blatchley, were produced and read.

The articles of January 1, 1871, between Samuel L. Davis of the one part and John Tingley of the other part, created a copartnership for the manufacture and sale of articles under their patent known as Tingley's Patent Contracting Band for Casks and other Vessels; and provided that to the articles hitherto manufactured under said patent, churns, air-tight pails, oyster buckets, etc., the said Tingley had recently added the very important improvement known as the New Revolving Ice Cream Machine, "which is the chief article to be manufactured at present under this agreement;" that the work was to be carried on at the shop of said Tingley, the parties to share equally in profits and expenses, with the exception that in view of the addition of the Ice Cream Machine to the articles originally made under said patent, the said Davis was to furnish $600 free of interest as additional capital; that said Davis should act as silent partner, his name not to be used or known publicly in connection with the copartnership; that said Tingley should carry on the business, making no radical changes without consulting said Davis, and should receive $20 per week for his labor, should keep accounts, etc.; and that this contract should be binding so long as both parties were mutually agreed to carry on the business.

The grant to Charles G. Blatchley, dated June 6, 1871, was as follows:—

Whereas Letters Patent of the United States were issued to John Tingley and Samuel L. Davis, of the city of Philadelphia, on the first day of September, A. D. 1868, for a Tightening Band for Vessels, said Letters Patent being numbered 81,843; and whereas Letters Patent of the United States were issued to said John Tingley, on the sixth day of June, A. D. 1871, for an improved "Ice Cream Freezer," said patent being num-

bered 115,657; and whereas Charles G. Blatchley, of the said city of Philadelphia, is desirous of manufacturing and selling Ice Cream Freezers according to said Letters Patent Number 115,657, and of employing in such manufacture the said patented Tightening Band. Now, therefore, this instrument witnesseth, that said John Tingley and said Samuel L. Davis, as joint owners of said patent Number 81,843 for a Tightening Band for Vessels, and said John Tingley as owner of said patent Number 115,657 for Improved Ice Cream Freezers, for the consideration of *one dollar to them paid* by Charles G. Blatchley of the city of Philadelphia, and for the further consideration to be paid by said Charles G. Blatchley *to said John Tingley*, as hereinafter set forth, hath licensed and do hereby license the said Charles G. Blatchley, as follows, to wit, to manufacture in the said city of Philadelphia, in the state of Pennsylvania and elsewhere if he shall desire, and there and elsewhere to use and to sell to others to be used or vended, Ice Cream Freezers according to said patent Number 115,657, and to use and employ in such manufacture the said patented Tightening Band, according to said patent Number 81,843. And the said Tingley and said Davis do agree with said Blatchley that this license is and shall be exclusive, that is to say, during its existence said Blatchley shall have the sole and exclusive right to manufacture said patented Ice Cream Freezers within the United States and in any and all parts thereof, and the sole and exclusive right to use or employ on Ice Cream Freezers the said patented Tightening Band.

In consideration whereof, the said Charles G. Blatchley has agreed and does hereby *agree to pay to said John Tingley, or his assigns*, as a royalty or license fee, five (5) per cent. of the gross amount of sales of said patented Ice Cream Freezers sold by him and his agents on his account. . . . .—

On argument, the court below made the rule absolute, and dissolved the attachment, whereupon the plaintiff took this writ, assigning as error the order of the court below, dissolving the writ of foreign attachment.

*Mr. William C. Mayne*, for the plaintiff in error:
The affidavit of cause of action was sufficient.
The action of account render is a proper remedy: act

of October 13, 1840, P. L. (1841) 7; Shriver v. Nimmick, 41 Penn. St. 80; Persch v. Quiggle, 57 Idem 258; and lies between copartners: Tutten v. Adams, 45 Idem 67; Griffith v. Willing, 3 Binn. 317; Irving v. Hanlin, 10 S. & R. 219; Knerr v. Hoffman, 65 Penn. St. 126; Adams' App., 113 Idem 449; and may be commenced by foreign attachment; Carland v. Cunningham, 37 Idem 228; Fisher v. Consequa, 2 W. C. C. R. 382; Serg. Att. 54; Stock v. Little, 45 Penn. St. 416, which is favorably commented upon in Knerr v. Hoffman, 65 Idem 128, with the qualification that, "when an action of account render is the *only* form of action between the co-partners, it is very plain there is no debt that can be attached." But where the partnership is a single transaction, or where the action of *assumpsit* would also lie, as in Ozeas v. Johnson, 1 Binn. 191; Andrews v. Allen, 9 S. & R. 241; Van Amringe v. Ellmaker, 4 Penn. St. 281, foreign attachment is proper; so that, where the ground of damages is specified, it seems that it is not necessary even to specifically allege them: Hanson v. Watson, 13 W. N. 534.

The action of account render being proper, the plaintiff's affidavit shows a good cause of action: James v. Browne, 1 Dall. 339; Martin v. Smith, 5 Binn. 16; 2 T. & H. Pr. §§ 1697, 2272, 2273; and it was error to dissolve the attachment. The plaintiff had a right to a trial by jury: Pleasants v. Conden, 7 W. & S. 379; Murdock v. Steiner, 45 Penn. St. 349; Lancaster Co. Bank v. Gross, 50 Idem 224; Lorenz v. Orlady, 87 Idem 226; Steel v. Goodwin, 113 Idem 288.

*Mr. Leoni Melick,* for defendant in error:

The attachment was dissolved on the argument of the rule to show cause, not because the action was account render, but because no cause of action appeared in the plaintiff's affidavit filed in response to the rule.

The grant to Blatchley of June 6, 1871, showed that the royalty of five per cent., to recover one half of which was the object of the suit, was not to be paid by Blatchley to Davis and Tingley, as stated in the affidavit, but to Tingley alone.

The affidavit of cause of action does not show that defendant below was a non-resident, or not in the county when the writ issued.

OPINION, MR. JUSTICE TRUNKEY:

The defendant asserts that the attachment was dissolved for the sole reason that no cause of action was shown. At the hearing the two contracts referred to in the plaintiff's affidavit were before the court, and subsequently, by order of the Court, copies of said instrument were filed.

Davis and Tingley, on January 1, 1871, agreed " to form a copartnership for the manufacture and sale of articles under their patent, known as Tingley's Patent Contracting Band for Casks and other vessels." It is stated in the instrument that "said Tingley has recently added the very important improvement known as the New Revolving Ice Cream Machine "; and they further agree " that, in view of the important addition of the freezer to the original list of articles made under the said patent, the said Samuel L. Davis agrees to furnish $600, free of interest, as additional capital for the business." They also stipulate that " Davis shall act as a silent partner, and that his name shall not be used or known publicly in connection with this partnership." And Tingley agreed to carry on the business for a named compensation.

On June 6, 1871, Davis and Tingley granted to Blatchley the exclusive right to use both patents referred to in the articles of copartnership, in the manufacture of ice cream freezers within the United States for a royalty or license fee of five per centum of the sales of said freezers to be paid to said Tingley. The recital in this grant shows that Davis was a patentee in the first patent, and hence the necessity that he should be a party to the grant to Blatchley.

The grant stopped the manufacture of freezers by Davis and Tingley, but it made no other change in their business so far as appears at present. Davis was a joint owner in the first patent, and for a valuable consideration he had an interest in manufacturing under the second; and, unless he was to share in the royalties and license fees paid by Blatchley, he gave away his interest so far as related to the use of the patents for manufacturing said freezers in the United States. Nothing appears to indicate a gift. The affidavit sets forth that the grant was made in consideration that the royalties were to be paid to Davis and Tingley, and that Tingley received the same for their joint benefit. Tingley was to carry

on the business of the partnership in his own name, and the provision that he should receive the royalties or license fees was consistent with the terms of their partnership. It is hardly probable that the silent partner in the firm which was using both patents would have joined in a sale of an important part of the business, as well as of the right to use the patents, without any real consideration for himself.

We think the plaintiff's affidavit, and the agreements, show cause of action.

> The judgment dissolving the attachment is reversed, and *procedendo* awarded.