# Hallowell *v.* Tenney Canning Company.

*Foreign attachment—Affidavit of cause of action.*

Upon a rule to show cause of action in foreign attachment, a positive affidavit must be filed such as would, if false, subject the affiant to indictment for perjury. The plaintiff's unsworn statement of claim will not be looked to by the court to supply fatal omissions from the affidavit; nor will the court consider that physically attaching one paper to the other without more, will make the statement of claim a part of the affidavit of cause of action.

The affidavit of cause of action ought to set forth the facts essential to the jurisdiction of the court to compel appearance by foreign attachment.

*Foreign attachment—Cause of action—Second affidavit to supply defect of first—Discretion of court.*

Where the plaintiff in a foreign attachment files an affidavit of cause of action which is defective in not stating jurisdictional facts as to nonresidence of the defendant, and after the rule has been once on the argument list, and continued without a hearing, plaintiff files a second affidavit of cause of action identical with the first, with the exception of an additional averment as to nonresidence of defendant, the court is bound to consider the second affidavit, and it is not within its discretionary power to dissolve the attachment because of the insufficiency of the first affidavit.

*Appeals—Foreign attachment—Dissolution of attachment.*

The Superior Court may review the action of the court of common pleas in dissolving a foreign attachment upon a hearing of a rule to show cause of action.

Argued Oct. 5, 1900. Appeal, No. 80, Oct. T., 1900, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1900, No. 19, making absolute a rule to dissolve foreign attachment, in case of T. A. James, J. F. Hallowell and M. T. Jones, trading as T. A. James & Company v. A. F. Tenney Canning Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Rule to dissolve foreign attachment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in making absolute a rule to dissolve foreign attachment.

*Reynolds D. Brown*, with him *Malcom Lloyd, Jr.*, and *Charles H. Burr, Jr.*, for appellants.—The affidavit of cause of action

may be amended or supplemented in the discretion of the court: Brock v. Brock, 42 Legal Int. 170; McCulley v. Chisholm, 45 Legal Int. 236.

In the following states even substantial defects in affidavits in attachment proceedings have been held amendable, under the general discretionary power of the courts to amend pleadings, and without express statutory authority: Nebraska, Struthers v. McDowell, 5 Neb. 491; Rudolf v. McDonald, 6 Neb. 163; North Carolina, Brown v. Hawkins, 65 N. C. 645; Clark v. Clark, 64 N. C. 150; Montana, Muth v. Erwin, 36 Pac. Repr. 43; Josephi v. Mady Clothing Co., 33 Pac. Repr. 1; Arkansas, Rogers v. Cooper, 33 Ark. 406, Fortenheim v. Claflin, 47 Ark. 49; Kansas, Burton v. Robinson, 5 Kansas, 288; Ferguson v. Smith, 10 Kansas, 397; Baker Wire Co. v. Kingman, 44 Kansas, 270; New York (under the code), Furman v. Walter, 13 How. Pr. Rep. 348. And in the following states the propriety of amendments in attachment proceedings has been expressly conceded by statutes: Mississippi, Colorado, Iowa, Illinois, Alabama and Missouri.

*Theodore W. Reath,* with him *Thomas Reath,* for appellees.—Upon a rule to show cause and to dissolve, plaintiff must file an affidavit of cause of action alleging all facts, jurisdictional and otherwise, constituting cause of action in foreign attachment: Melloy v. Burtis, 124 Pa. 161; Scottish Rite, etc., Assn. v. Union Trust Co., 195 Pa. 45; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187; Little v. Balliette, 9 Pa. Superior Ct. 411; Anderson v. Young, 21 Pa. 443; Coleman's App., 75 Pa. 441; Reed's App., 71 Pa. 378; Penna. R. Co. v. Pennock, 51 Pa. 244; Wallace v. Scholl, 9 Pa. Superior Ct. 284; Steel v. Goodwin, 113 Pa. 288; Bollinger v. Gallagher, 144 Pa. 205; Steinman v. Erisman, 8 Lanc. Law Rev. 177.

A close analogy is afforded by the decisions of the federal courts in cases where the jurisdiction depends upon citizenship, as in foreign attachment in Pennsylvania: Crehore v. Ohio & Miss. Ry. Co., 131 U. S. 240; Pennsylvania Co. v. Bender, 148 U. S. 255; Grand Trunk Ry. Co. v. Twitchell, 59 Fed. Repr. 727; Wright v. Millikin, 152 Pa. 507.

The jurisdiction in foreign attachment is a limited statutory one, founded solely upon the affidavit of cause of action; and

plaintiff's statement of claim will not be looked to by the court to supply fatal omissions from the affidavit: Eldridge v. Robinson, 4 S. & R. 548; Talhelm v. Hoover, 4 Pa. C. C. R. 172.

Upon a rule to show cause of action and to dissolve in foreign attachment, a positive affidavit showing cause of action must be filed, such as would, if false, subject the party who swears, to indictment for perjury, and no supplemental affidavit will be received: Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187; Grand Trunk Ry. v. Co. Twitchell, 59 Fed. Repr. 727.

OPINION BY RICE, P. J., January 22, 1901:

This was an action of assumpsit begun by foreign attachment issued on December 30, 1899. On February 21, 1900, the garnishees entered a rule on the plaintiffs to show cause of action. Whether or not a return day was specifically mentioned in the order does not appear. On March 1, the plaintiffs filed their affidavit. It was stated at bar, and not denied, that the rule was on the argument list for March 5, and was continued. The reasons for continuance do not appear of record, but it is proper to say that it is not alleged that there was any hearing or argument of the rule on the date last mentioned. On March 8, the plaintiffs filed another affidavit of cause of action, which in every essential particular is a literal copy of the first affidavit, excepting that it contains an averment, omitted from the first, that the defendant was incorporated under the laws of the state of California, and a resident of that state. The case was argued on March 19, and on March 23, the rule was made absolute, and the attachment dissolved. No opinion was filed by the court below, but it is stated in the brief of appellees' counsel, and assented to by appellant's counsel, that the court held, in effect, (*a*) "that the failure to allege nonresidence etc., in the affidavit of cause of action filed March 1, 1900, was fatal, and (*b*) that in foreign attachment no supplemental affidavit would be received to cure such defect, and no pleading could be looked to other than the affidavit of cause of action first filed." Even in the absence of this concurrence of counsel as to the grounds of the court's action, we should be compelled to presume from the record that it was based on these grounds, for the second affidavit is admittedly sufficient.

1. We entirely agree with the appellees' counsel, that upon

a rule to show cause of action a positive affidavit must be filed, such as would, if false, subject the affiant to indictment for perjury; therefore, the plaintiffs' unsworn statement of claim will not be looked to by the court to supply fatal omissions from the affidavit. Whether or not it should be held differently where the averments of the statement of claim are made part of the affidavit by express reference contained in the latter, is a question not raised in this case. Physically attaching one paper to the other, without more, does not make the statement of claim a part of the affidavit.

2. We also agree with them that the affidavit of cause of action ought to set forth the facts essential to the jurisdiction of the court to compel appearance by foreign attachment. But if plaintiffs' second affidavit was properly before the court, and they were entitled to read it at the hearing, this question need not be discussed. As already suggested it sets forth a good cause of action, and all the essential jurisdictional facts.

3. The controlling question is as to the right of plaintiffs to read this affidavit at the hearing. When the Supreme Court had nisi prius jurisdiction it declared as a rule of practice, that, if upon hearing of a rule to show cause of action the plaintiffs' affidavit was found to be defective in substance, the court would not permit it to be amended or supplemented: Eldridge v. Robinson, 4 S. & R. 548. This practice has been strictly followed by some of the courts of common pleas of the state, and not so strictly by others. See on the one hand, Mylert v. White, 1 W. N. C. 626, Shumway v. Webster, 24 W. N. C. 336, Jacobs v. Tichenor, 27 W. N. C. 35, Sagee v. Rudderow, 1 Pa. C. C. Reps. 373, and Talhelm v. Hoover, 4 Pa. C. C. Reps. 172; and on the other hand, Brock v. Brock, 42 Legal Int. 170, and McCulley v. Chisholm, 19 Phila. 337; also Davis v. Tingley, 116 Pa. 113; and 8 P. & L. Dig. of Dec. col. 12406. It would seem to be clear, however, that if the court in the exercise of its discretion refuses to receive supplementary affidavits under such circumstances as the court had in view in Eldridge v. Robinson, its action would not be reversible on appeal. Was it discretionary with the court in the present case to exclude from consideration the plaintiffs' second affidavit? Was not that the affidavit upon which the question before the court was to be determined? The special reasons, as stated by Chief Jus-

tice TIGHLMAN, for not relaxing the rule of practice established by the Supreme Court, arose out of conditions which do not now exist. Aside from these special reasons, the existing reason for the rule, and (where no delay of the hearing will be occasioned) the only substantial reason for it, was thus stated by Mr. Binney in the argument of that case : " If supplementary affidavits were permitted, an unprincipled man would never suffer a defendant to escape. He would learn how far it was necessary for him to go and swear to the mark. The reason why they are rejected is, that after the point has been mooted, they are not a fair test of the conscience of the party." In a matter of this kind the court will not permit the plaintiff to experiment. But in the case at bar the second affidavit was filed ten days before the hearing ; it sets up precisely the same cause of action, and in the same words, as that alleged in the first affidavit ; and no delay was occasioned. Such a case, it seems to us, is neither within the letter nor the reason of the rule laid down in Eldridge v. Robinson. The plaintiffs had complied with all the statutory requirements, and at the time for showing cause of action, they presented an affidavit, filed long enough before to prevent surprise, which showed a good cause of action and their right to this remedy. We are of opinion that under such circumstances, no other question being before the court, it has not discretionary power to dissolve the attachment and thereby deprive the plaintiffs of the remedy the statute gave them.

The authority of this court to review the action of the court below in dissolving an attachment upon a hearing of a rule to show cause of action was not questioned by counsel. Upon that question we refer to the case of Davis v. Tingley, 116 Pa. 113, and the distinctions pointed out in Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

The order dissolving the attachment is reversed, and a procendo awarded.