## Kamsler v. Parker Stores, Inc.

*Practice, C. P.—Foreign attachment—Defendant or garnishee—Affidavit defective—Amendment.*

1. One against whom a writ of foreign attachment issues may be in court both as a defendant and a garnishee. Such a writ, therefore, will not be quashed, for the reason that it cannot be determined from the writ whether one is therein named as defendant or garnishee.

2. Plaintiff is not obliged to file an affidavit as a prerequisite to the issuance of the writ, but, when filed, such affidavit will be considered upon a motion to quash as though it had been filed in response to a rule, and if defective, the writ may be quashed.

3. In this case, leave granted to amend the affidavit.

Motion to quash foreign attachment. C. P. Lehigh Co., Jan. T., 1922, No. 130.

*John L. Cutshall*, for plaintiff; *James F. Henninger, d. b. e.*, for defendant.

*Edwin K. Kline*, for Allentown Trust Company, garnishee.

RENO, J., March 20, 1922.—The Parker Stores, Inc., appears *d. b. e.* and moves to quash the writ of foreign attachment because it cannot determine from an inspection of the same whether it is therein named as defendant or garnishee. The writ accords with the form prescribed by the Act of June 13, 1836, §§ 43 and 45, P. L. 572. The statute does not require the naming of garnishees in the writ. The writ commands the sheriff to summon all persons in whose possession property is found to appear and abide the judgment of the court. Hence, the garnishee becomes a party, whether named in the writ or not, if, and only if, property alleged to belong to defendant is found in the garnishee's possession.

The foundation of the writ of foreign attachment is that the defendant is beyond the reach of process and his property is within it: Pennsylvania R. R. Co. *v.* Pennock, 51 Pa. 244. The purpose of the statute is to compel the constructive presence in court of the defendant, who, by reason of his absence from the jurisdiction without a dwelling-place therein, cannot be served with a summons: Raymond *v.* Leishman, 243 Pa. 64. In the case of a foreign corporation, however, this is not the foundation of the writ. A foreign cor-

Kamsler v. Parker Stores, Inc.

poration can, by virtue of the statutes prescribing modes for serving process, be served with the usual summons, but, nevertheless, a foreign corporation is subject to the writ of foreign attachment: Pain's Pyro-Spectacle Co. v. Lincoln Park and Steamboat Co., 5 Dist. R. 474; and this because the Act of June 13, 1836, § 76, P. L. 572, has expressly so provided. For all practical purposes, the foreign corporation may be within the State. That is, its offices, its property, its business interests, may all be here; all of its officers, agents, stockholders may reside here. Indeed, it may have nothing elsewhere except that the evidence of its corporate creation and existence is elsewhere recorded, and yet it is a foreign corporation: Diener v. Wopsononock Hotel Co., 10 Dist. R. 57; Beal and Simons v. Toby Valley Supply Co., 2 Dist. R. 671. Thus, it follows that the foreign corporation which has possession of goods in this State, which its creditors desire to reach by the process of foreign attachment, may become both defendant and garnishee in the action. As defendant, it is regarded as being beyond the reach of process, and its appearance is secured by attaching its goods; as a garnishee, it is regarded as being within reach of process, and it is served as such garnishee in the mode prescribed by the Act of June 13, 1836, § 48, P. L. 572. It may seem anomalous that the same party should be both defendant and garnishee, but it is not more so than that presented in Coble v. Nonemaker, 78 Pa. 501, wherein it was said that plaintiff might attach goods in his own hands belonging to defendant, and thus become both plaintiff and garnishee. We, therefore, conclude that the writ is not defective, and that Parker Stores, Inc., is properly in court, both as a defendant and as garnishee.

The affidavit, filed by plaintiff before the issuance of the writ, avers that the indebtedness of defendant is founded upon a judgment recovered by plaintiff in a New York court "against R. and A. Rosenthal Company, Incorporated, Parker and Stewart Stores." The defendant is sued as "The Parker Stores, Inc., successors to The Parker and Stewart Stores, Inc." The affidavit does not aver how The Parker Stores, Inc., became the successor of The Parker and Stewart Stores, Inc., nor are any facts averred from which an assumption of the liabilities of the latter by the former might be inferred. The New York judgment is the indebtedness of Parker and Stewart Stores, Inc., which is manifestly not the Parker Stores, Inc. It is, therefore, incumbent upon plaintiff to aver and prove the liability of the Parker Stores Co., Inc., for the debts of Parker and Stewart Stores, Inc. It is quite true that plaintiff is not obliged to file an affidavit as a prerequisite to the issuance of the writ: Lansford Borough v. Jones, 5 Dist. R. 483; but, when filed, such affidavit will be, considered, upon a motion to quash, as though it had been filed in response to a rule upon defendant requiring him to show his cause of action. So considered, for the reason already stated, the affidavit is manifestly defective. However, we shall so cast our order that plaintiff will have opportunity to file an amended affidavit: Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60.

Now, March 20, 1922, this cause came on to be heard upon defendants' motion to quash the writ of foreign attachment, and, upon consideration thereof, it is adjudged that the affidavit of claim upon which said writ was issued is defective and not sufficient in law to sustain the writ or the action thereon; and it is ordered that, unless an amendment thereof be offered after notice to defendants' counsel and allowed by the court within fifteen days from date of service of this order upon plaintiff's counsel by the prothonotary, the motion to quash be and is hereby sustained and the writ aforesaid is then quashed.                    From James L. Schaadt, Allentown, Pa.