## Wolf v. Zentz et al.

*Attachment—Affidavits—Bond—Sufficiency—Motion to quash—Motion to dissolve—Act of March 17, 1869.*

1. An attachment under the Act of March 17, 1869, P. L. 8, is an extraordinary remedy, and the requirements of the act must be strictly observed. All the necessary requirements to sustain the writ must appear before its issuance, and defects in the original supporting affidavit cannot be cured by supplemental affidavits. The bond must be given, as the law requires, before the attachment issues, and it cannot be patched up afterwards.

2. The Act of March 17, 1869, P. L. 8, does not require the form of action to be stated in attachment proceedings. And the omission from the bond of the words "for the use of the parties interested" does not vitiate the bond.

3. The court may dissolve an attachment for proper cause shown, whether the cause appears on the face of the original affidavit or from evidence *de hors* that paper.

4. If fraud is alleged as a basis for attachment, it must be clearly shown. Where only a fraudulent intent is alleged upon information and belief, and there is no allegation of any false pretence of an existing fact, and no statement of the source of information or averment of ability to prove the allegation, the affidavit is insufficient, and the attachment may be dissolved.

5. Where, under the Act of 1869, the basis of an attachment is an allegation of fraud in procuring the payment of certain moneys, and there is no evidence which would justify a finding that the defendants were about to remove their property out of the jurisdiction, that they were fraudulently concealing their property, or that they had disposed of their property with intent to defraud their creditors, the attachment must be dissolved.

Attachment, motion to dissolve. C. P. Dauphin Co., March T., 1924, No. 271.

*Wickersham & Neely*, for plaintiff; *John R. Geyer*, for defendants.

HARGEST, P. J., April 17, 1924.—An attachment was issued against the defendants, under the Act of Assembly of March 17, 1869, P. L. 8, whereupon they presented a motion to quash and also a motion to dissolve the attachment. The plaintiff also asked leave to file an amended or supplemental affidavit. Both motions and the question of the right to file a supplemental or amended affidavit are now before us.

The reasons assigned in the motion to quash are that no proper bond was filed; that, as appears from the præcipe and the affidavit, the action is in trespass for unliquidated damages, which will not lie under the Act of 1869, and that the affidavit does not satisfy the requirements of that act to give the court jurisdiction.

The bond was given to the Commonwealth with the condition prescribed by law. The Act of May 24, 1887, P. L. 197, which is an amendment of the Act of 1869, provides for "a bond to the Commonwealth of Pennsylvania for the use of the parties interested," and it is contended that, because of the omission of the words "for the use of the parties interested," no proper bond was filed, and that, therefore, the attachment was improperly issued.

An attachment under the Act of 1869 is an extraordinary remedy, and the act of assembly must be strictly followed. The bond must be given as the law requires before the attachment issues, and it cannot be patched up afterwards. But we think the omission in the bond of the words referred to do not vitiate the bond. The bond has the proper conditions, and is given to the Commonwealth. The law provides that it shall be for the use of the parties interested, and that provision of the statute could be asserted for the protection of the parties interested, even though the language were not contained in the bond itself. These words simply designate the uses and purposes of the bond. This was decided in Wilson, Mitchell & Co. v. Shapiro, 2 Dist. R. 367, and in Hall v. Walter, 3 Northamp. Co. Repr. 17. In both these cases the judges writing the opinions differed with Judge Pershing, who, in Hoppes v. Houtz, 133 Pa. 34, decided that the omission of the words "for the use of the parties interested" invalidate the bond. This case turned in the Supreme Court on an entirely different question. This is not a sufficient reason for quashing the attachment.

We think the word "trespass" used in the præcipe is surplusage. The Act of 1869 provides that the prothonotary shall "issue an attachment." It does not require the form of action to be stated in the attachment proceedings. It is not necessary for us to determine that an attachment will not lie for unliquidated damages, as decided in Walker v. Beury & Haas, 7 Pa. C. C. Reps. 258, and Batroff v. Pioneer Tobacco Co., 17 W. N. C. 255. The affidavit in this case claimed that the defendants were justly indebted to the plaintiff in the sum of $6356, which amount the defendants fraudulently induced the plaintiff to pay them. The damages alleged are not unliquidated. It is not necessary to determine whether they are recoverable or properly pleaded. Therefore, the question which was decided in the cases cited does not arise.

In Sharpless v. Ziegler, 92 Pa. 467, it is held that an affidavit for an attachment under the Act of 1869 is sufficient if made in the words of the act without setting out the specific acts of fraud. But in National Bank of the Republic v. Tasker, 1 Pa. C. C. Reps. 173, it is held that "if there is added, by way of explanation, a charge of specific fraudulent acts, the addition must be such as, taken by itself, would be good ground for an attachment:" Boyd v. Bright, 4 Pa. C. C. Reps. 518. However, most of the authorities indicate that it would be unwise to quash the writ for defects appearing on the face of the affidavit, and in Biddle v. Black, 99 Pa. 380, where there had been personal service upon the defendant, it was held that it was error to quash the writ. For these reasons we overrule the motion to quash.

We now consider the motion to dissolve. The first question is whether the plaintiff may file an amended or supplemental affidavit to support his writ. In the case of Ferris v. Carlton & Noakes, 8 Phila. 549, after a very meagre discussion, it is held that such an affidavit is amendable. But Judge Pearson, after very carefully considering the question in Miller v. Smith, 2 Pearson, 265, disagreed with the conclusion reached in the Ferris case, and held that all the necessary requirements to sustain the writ must appear before its issuance, and that defects cannot be cured by supplemental affidavits. We, therefore, adhere to the opinion of this court, as declared by Judge Pearson, and also hold that the plaintiff cannot file a supplemental or amended affidavit.

The question, therefore, reverts to the sufficiency of the plaintiff's original affidavit. The burden is on the plaintiff to bring his case within the causes of attachment set out in the statute. The affidavit must show a clear case of fraud when fraud is alleged: Abeles v. Stroble, 15 Lanc. Law Rev. 239; Kellett v. Freeman, 8 Del. Co. Reps. 5; Morris v. Hineman, 9 Kulp, 498. This

Wolf v. Zentz et al.

affidavit alleges that the defendants fraudulently induced the plaintiff to pay them the sum of $6356, by representing that a New York concern owed them $5000, which, when paid, would be applied to the business of the partnership; and that thereafter the plaintiff learned that there was no money due to the defendants from the source alleged. We do not think this is a sufficient allegation that the debt was "fraudulently contracted." The money was paid upon the promise of the defendants to do something in the future. There is no allegation of any false pretense of an existing fact indicating an intention to defraud the plaintiff. The acts are not specifically set out: Biddle v. Black, 99 Pa. 380, 382. Moreover, the affidavit avers that "the defendants are about to remove their property out of the jurisdiction of this county, with intent to defraud their creditors, as he, the deponent, is informed and verily believes;" that the defendants have concealed their property with intent to defraud their creditors, and that they have disposed of large quantities of personal property with intent to defraud the plaintiff, as "he is informed and verily believes." Plaintiff does not give the sources of his information or aver his ability to prove these allegations.

In Ross v. Behringer & Co., 21 Pa. C. C. Reps. 260, Judge Walling held that it is necessary, when an affidavit of this character is made upon information and belief, not only to disclose the sources of affiant's information, but also to aver an ability to prove the averments. Otherwise it is a mere hearsay averment. This affidavit in these particulars is insufficient.

The court may dissolve the attachment for proper cause shown, whether the cause appears on the face of the original affidavit or from evidence de hors that paper: Sharpless v. Ziegler, 92 Pa. 467, 470. We would be abundantly justified in dissolving this attachment because of the insufficiency of the affidavit, but we need not rest our conclusion there. A hearing was held. Evidence was offered. It appeared that the partnership between the plaintiff and defendants was formed prior to Jan. 1, 1923, and that the plaintiff from time to time put various amounts of money into the business. He testifies that the defendants said they were to receive $5000 from Swartz & Barzume, of New York City, which they would put into the business. In August, 1923, pursuant to an examination of the books by a public accountant, who reported that two-thirds of the profits amounted to $6356, the plaintiff paid to the defendants this amount of money and himself continued the business. The public accountant's report showed that the defendants put only $131.88 into the business and not the sum of $5000. The plaintiff testified that the defendants did not represent that they had put any such sum of money into the business; that the only representation made was at the time of the forming of the partnership, namely, that they were to receive the sum of $5000, and that when this amount was received it would be applied to the business. Notwithstanding this, and without any investigation or inquiry concerning what sum of money the defendants put into the business, and with the report of the public accountant before him, the plaintiff paid the money which he now says is the debt that was fraudulently contracted. There was no evidence which would justify a finding that the defendants were about to remove their property out of the jurisdiction of the court, that they were fraudulently concealing their property, or that they had disposed of their property with intent to defraud their creditors.

For these reasons, also, this attachment must be dissolved.

And now, April 17, 1924, the writ of attachment issued in this case is hereby ordered to be dissolved.

From Sidney E. Friedman, Harrisburg, Pa.