## Daw v. Atlantic Coast Line Railway Company et al.

*Foreign attachment—Alias attachment—Dissolution of alias attachment—Practice, C. P.*

Where, after a foreign attachment has been dissolved, an *alias* attachment has been issued, the court will dissolve the *alias* writ if the record shows that it was for the same cause of action as the first, with merely changes and additions to cure defects in the first affidavit.

Rule to show cause why *alias* writ of foreign attachment should not be quashed and attachment dissolved. C. P. No. 5, Phila. Co., March T., 1925, No. 110.

*F. A. Chalmers* for plaintiff; *J. H. Cheston* and *Thos. Reath,* for defendant.

PER CURIAM, Sept. 13, 1926.—A writ of foreign attachment against the defendant, a non-resident corporation, issued and was served on the Pennsylvania Railroad Company, garnishee. An affidavit of cause of action was filed, which was held, after argument, insufficient and the attachment was dissolved.

The plaintiff issued an *alias* writ of foreign attachment against the same defendant, and served the same garnishee upon the same cause of action. An amended affidavit as to cause of action was filed, containing the same averments as in the previous affidavit, with changes and additions intended to cure defects in the first affidavit.

Upon presentation of a petition averring that the order of court dissolving the first attachment was *res adjudicata,* a rule was granted to show cause why the *alias* writ of foreign attachment should not be quashed and the attachment dissolved.

In the case of Graham *v.* Canton and Waynesburg R. R. Co., 26 W. N. C. 203-204, it was said by the court: "The uniform practice has been not to

allow supplemental affidavits in cases of this character. This would be use-
less if unlimited writs of attachment were allowed for the same cause of
action. In this case no reason has been given why the cause of action was
not as fully set out in the first attachment as in the last. Counsel for the
plaintiff said in argument that the affidavit in this proceeding was made to
meet the objections of the court to the cause of action set forth in the first
attachment. We do not think this practice should be encouraged. It might
be fruitful in perjuries, which would be beneficial only to those who have no
regard for their oaths, or the rights of parties, or the respect due to judicial
procedure. Our attention has not been called to any authority or precedent
for unlimited attachments. If it should be allowed in any case, it ought to be
with leave of court upon a proper presentation of the facts. Dissolving an
attachment is a determination of plaintiff's right to hold the property of the
defendant for any cause which the plaintiff then had, or could have, and he
is presumed to have presented it fully, and it is, therefore, *res adjudicata* as
fully as a discharge on common bail or dissolving an attachment under the
Act of 1869."

This language is supported by the decisions: Eldridge *v.* Robinson, 4 S.
& R. 547; Hallowell *v.* Tenney Canning Co., 16 Pa. Superior Ct. 60.

Rule absolute.