## Louis Sabarof and Son v. Central of Georgia Railway Co. et al.

*Foreign attachment—Requisites—Affidavit of cause of action—Averments—Rule to dissolve.*

1. An affidavit of cause of action in a foreign attachment proceeding must show: (1) that the defendant is a non-resident of the State and has no place of business, office or agent within the state, where or upon whom process may be served; (2) that the plaintiff has a good cause of action against the defendant; and (3) that goods or choses in action of the defendant liable to attachment are within the State in the hands of the garnishee.

2. Where the plaintiff avers in his affidavit that he delivered peaches to the defendant for shipment, that the shipment was diverted and that defendant's employees were negligent, without setting forth facts constituting negligence or how the diversion was made and without attaching a copy of the bill of lading or mentioning its terms, the affidavit does not set forth a good cause of action and is insufficient, and a rule to dissolve the attachment will be made absolute.

Rule to dissolve writ of foreign attachment. C. P. No. 5, Phila. Co., Dec. T., 1926, No. 41.

P. P. *Zion*, for plaintiff; J. H. *Rhoads*, for garnishee.

MARTIN, P. J., Jan. 7, 1927.—The garnishee has taken a rule to dissolve the writ of foreign attachment in this case, claiming that the affidavit of cause of

action, filed by the plaintiff, is insufficient to sustain the attachment in that it fails to set forth essential jurisdictional facts and that it fails to set forth a good cause of action against the defendant.

The petition for the rule is based upon an alleged insufficient affidavit of cause of action. No answer has been filed to this petition.

To sustain a foreign attachment, it is essential that: (1) The defendant be a non-resident of the State and have no place of business, office or agent within the State, where or upon whom process may be served; the object of a foreign attachment being to compel the appearance of a defendant by an attachment of property belonging to defendant; (2) that the plaintiff has and pleads a good cause of action against the defendant; (3) that goods or choses in action of the defendant liable to attachment are, within this state, in the hands of the garnishee: Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354, 356; Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60.

Paragraphs 2 and 3 of plaintiff's affidavit of cause of action set forth that the defendant is a Georgia corporation and non-resident of Pennsylvania, but fail to set forth the additional necessary fact that the defendant has no place of business, office or agent within the State, where or upon whom process may be served.

In succeeding paragraphs of the affidavit plaintiff attempts to set forth a cause of action against the defendant by averring delivery to it of 476 crates of peaches for shipment to Atlanta, Georgia, for which a bill of lading was issued, but no copy of this bill of lading is attached to the affidavit, nor is there any averment of its contents, or the terms and conditions upon which the goods were received for shipment. The affidavit avers that, by direction of the shipper, the consignment was diverted to the Potomac Yards, in Virginia, without showing how this diversion was made, and contains an averment of a further diversion of the shipment to Philadelphia, without stating how this diversion was made, or to whom the order for the diversion was given. The affidavit alleges that, "through the negligence and unnecessary delay of the employees of the defendant," the order to divert "was not delivered by the agent or employees of the defendant until July 1, 1925, at 3.15 o'clock P. M., at which time it was too late in order to move the car herein referred to on schedule of that day and which was well known to the defendant and its agents." This averment is defective in that it states conclusions instead of facts which should lead to these conclusions. The succeeding paragraphs of the affidavit are likewise faulty in that they state conclusions instead of facts. The contention of the plaintiff, appearing from this affidavit, is that the goods in question were delayed in reaching the Philadelphia markets, and in the meantime the price of the fruit had fallen, resulting in loss to the plaintiff, but nowhere in this affidavit are facts averred indicating the conditions under which the goods were received for shipment, that there was any unnecessary delay in shipment, or that the defendant failed to move the goods within a reasonable time; and, in the absence of a special agreement, all that was required of defendant was to exercise reasonable diligence in the movement of this freight.

It is essential to the maintenance of this writ that the plaintiff show property of the defendant in this State subject to attachment in the hands of the garnishee. While the plaintiff avers that the defendant has personal property and choses in action in the City of Philadelphia, in the State of Pennsylvania, he does not aver that any of this property or that choses in action are in the hands of the garnishee.

Louis Sabarof and Son *v.* Central of Georgia Railway Company et al.

The affidavit of cause of action is insufficient to sustain the writ in that it fails to set forth that there is no place in the State where the defendant might be served with process; it fails to set forth a good cause of action against the defendant, and fails to set forth that there are goods of the defendant in this State liable to attachment in the hands of the garnishee. Rule absolute.