## Gerson v. Bernbaum Clothing Company.

S. W. Salus and M. B. Elwert, for plaintiff.
J. R. K. Scott and W. T. Connors, for defendants.

TAULANE, J., March 23, 1929.—This is a motion to quash and dissolve an attachment issued under the Fraudulent Debtors' Act of March 17, 1869, P. L. 9, as amended by the Act of May 24, 1887, P. L. 197.

The plaintiff's claim is for $1000, which he alleges the defendants fraudulently induced him to pay on account of the purchase price of certain clothing alleged to have been stolen. The affidavit in support of the attachment alleges that the defendants sold to the plaintiff certain enumerated articles of clothing for $1898; that the plaintiff did not know, but defendants knew at the time of the sale, that the clothing had been stolen and that they had no title thereto; that the plaintiff, in ignorance of the theft, paid the defendants $1000 on account; and that the defendants, to induce the plaintiff to purchase the clothing, fraudulently concealed from him the fact that the clothing was stolen property.

The motion to quash and dissolve the attachment is based on the ground that the affidavit neither avers that the goods were delivered to the plaintiff nor that the plaintiff has been deprived of them by the rightful owner.

The court, at the argument, suggested that the plaintiff might ask leave to amend his affidavit, which he has done. The supplemental affidavit alleges that The Buddy Serge Company, the rightful owner of the clothing, with the aid of the police authorities, took from the possession of the plaintiff part of the clothing to the extent of $1160, and that the plaintiff had previously sold the balance of the clothing for $738, for which amount the plaintiff is liable to the rightful owner.

The two affidavits are sufficient to sustain the attachment. The sale of goods known to have been stolen is a fraud, and any money paid by the purchaser in ignorance of the theft is a debt fraudulently contracted.

The question remains, however, whether the plaintiff has a right to amend. Notwithstanding the decisions of several of the Courts of Common Pleas (Miller v. Smith, 2 Pearson, 265; Wolf v. Zentz, 5 D. & C. 276, and Robinson v. Atkins, 2 W. N. C. 111), we think, under the facts of this case, the plaintiff should be permitted to amend. The original affidavit on its face discloses that the defendants perpetrated a fraud on the plaintiff, and the supplemental affidavit does not introduce a new cause of action.

Our views are well expressed by Judge Harding in Ferris v. Carlton, 8 Phila. 549, 550, where he permitted an amendment. He says:

"The purpose of the act is clearly announced in its title—An act relative to fraudulent debtors—and its terms as clearly indicate the species of fraud at which it was aimed. There is, therefore, nothing about it suggestive of doubt or savoring of ambiguity. It is a plain and proper enactment and deserves to be construed and administered in the spirit which called it into

existence. In no aspect can it be justly viewed as an instrument of oppression to be wielded by a grasping creditor against an honest debtor; but, on the contrary, there can only be recognized in it an appropriate and necessary remedy whereby a diligent creditor may thwart the fraudulent devices of a dishonest debtor.

"Taking it, therefore, as undoubted, that such was the legislative design when the act was passed, the next inquiry, as it seems to us, on the part of those who are called upon to administer the law, should be concerning the practice under which both the terms and the spirit of the act can most efficiently be carried into effect.

"For our own part, we can see no well-founded reason why the rule which governs the practice in all other cases, either on the criminal or the civil side of the court, and which encourages, nay, enjoins, a careful observance of the language of a statute in matters moved thereunder, should not likewise prevail with respect to this act. Nor, since our statutes of amendment have been in existence, and now cover almost every class of cases from their inception to their conclusion, can we understand that reasoning which denies to a suitor, under the Attachment Law of 1869, any amendment of his complaint, particularly when such amendment can have no other effect than to open the way for a clearer ascertainment of the facts as they are alleged on the one side and denied on the other."

There is no reason or policy why an amendment of the affidavit under the Act of 1869 should not be allowed when the court is satisfied that the affidavit, though open to technical objections, discloses the substance of a good cause of action. Procedure is a means, and not an end, in the administration of the law. The substantive rights of litigants should not be determined, if it can be avoided, by niceties of procedure. Procedure is indispensable to bring before the court the issues between the parties, but the right of amendment should be liberally allowed so that no litigant's cause will be unnecessarily prejudiced by the carelessness or lack of skill of his attorney in formal or technical matters that do not reach the substance of the action.

Those courts which refuse to permit an amendment of the affidavit under the Act of 1869 base their conclusion on the case of Eldridge v. Robinson, 4 S. & R. 548, where Tilghman, C. J., sitting at *Nisi Prius*, held that an affidavit of cause of action in foreign attachment could not be amended. The Chief Justice, in reaching his conclusion, was no doubt strongly influenced by two considerations, viz., delay incident to permitting an amendment, due to the infrequent sessions of the court, and the temptation of perjury. (Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60, 63.)

In 1818, when Eldridge v. Robinson was decided, an amendment might well result in undue delay, but that would not be true today, when the courts are in continuous sessions. And we do not see how an amendment in the case at bar would tempt the plaintiff to commit perjury. The amended affidavit does no more than amplify the averments of the original affidavit. Our experience satisfies us that most applications to amend affidavits of cause of action and affidavits under the Act of 1869 amount to no more than meeting technical objections raised by counsel for the defendants.

Notwithstanding the decision in Eldridge v. Robinson, several of the Courts of Common Pleas have permitted amendments of affidavits of cause of action. (Brock v. Brock, 42 Legal Intell. 170; McCulley v. Chisholm, 19 Phila. 337, and see Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60.)

Whether Eldridge v. Robinson still prevents the Courts of Common Pleas from permitting an amendment of a cause of action in foreign attachment

is not the question before us; the question here involved arises under the Act of 1869.

In view of the fact that Eldridge v. Robinson was decided in 1818, and principally on grounds no longer sound, we are quite clear that we should not apply, by analogy, the reasoning of that case to the Act of 1869. Moreover, the judges in Miller v. Smith, 2 Pearson, 265, and Robinson v. Atkins, 2 W. N. C. 111 — and the latter case was decided by this court in 1876 — approached the interpretation of the Act of 1869 in a rather strict and technical attitude. They decided that an affidavit in the language of the Act of 1869 was insufficient and refused an amendment, yet the Supreme Court in Sharpless v. Ziegler, 92 Pa. 467, held such an affidavit sufficient.

The Act of 1869 fully protects the rights of a defendant against whom an attachment has been improvidently or maliciously issued. Plaintiff's bond is security for any damage the defendant may sustain. And the defendant may enter security to dissolve the attachment, or he may move to dissolve for the insufficiency of the affidavit, or the court, upon denial of the averments of fraud, will hear evidence to "determine the truth of the allegations contained in the affidavit upon which said writ was issued." The defendant in this case moved to dissolve, not by denying the averments of fraud, but on technical grounds alone. When the procedure is clear and simple for the prompt and speedy determination of a cause on its merits, the courts should not lend a too hospitable ear to formal objections that have no relation to the merits.

The amendment should be allowed.

And now, to wit, March 23, 1929, it is ordered and decreed:

1. Plaintiff's rule to amend his affidavit is made absolute.

2. Defendants' motion to quash and dissolve the attachment is discharged upon the plaintiff filing the amended affidavit set forth in his petition for leave to amend.