## Green v. Haar

*C. J. Wing*, for plaintiff; *P. E. Kilcullen*, for defendant.

LEWIS, J., November 30, 1931.—This is a rule to dissolve an attachment issued under the Fraudulent Debtor's Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197. The plaintiff's affidavit in support of the attachment sets forth that the defendant is indebted to her in the sum of $450 for board of defendant's wife and daughter, and further avers that the said party defendant has property, rights in action, money or evidences of debt, which he fraudulently conceals, and that the said defendant has assigned, disposed of or is about to assign and dispose of the said money and rights in action with the intent to defraud his creditors.

The defendant bases his motion to dissolve on the ground that this affidavit is insufficient and defective, with which contentions, after careful examination, we cannot agree.

The Act of May 24, 1887, P. L. 197, provides that the attachment shall issue upon proof by affidavit of the plaintiff that the defendant is justly indebted to the plaintiff, and "that said party defendant has property, rights in action, . . . money or evidences of debt, which he, she or they fraudulently conceal, or that said party defendant has or have assigned, disposed of or removed, or is about to assign, dispose of or remove any such property, money, rights in action . . . with the intent to defraud his . . . or their creditors."

The allegations in the affidavit in the present case are in the language of the act, and, therefore, sufficient: Sharpless *v.* Ziegler, 92 Pa. 467.

Where the debt has not been fraudulently contracted, the act only requires that the affidavit shall state the nature and the amount of indebtedness, and that the defendant has done or is about to do certain acts, the result of which would be to withdraw his effects from his creditors' reach: Novak v. Casole et al., 10 D. & C. 645; Franklin Trust Co. v. Hegh, 6 D. & C. 231. This burden the plaintiff has met.

Counsel for defendant in his brief cites the case of Wolf v. Zentz et al., 5 D. & C. 276, to support his contentions. If we follow that case, defendant's motion must prevail, but we do not choose to do so, and prefer rather to be guided by the decisions in the cases of Boyd v. Lippincott, 19 Phila. 241, and Franklin Trust Co. v. Hegh, 6 D. & C. 231, cited above, which we believe state the correct rule, permitting an affidavit under the Fraudulent Debtor's Act to be made on information and belief.

Now, therefore, November 30, 1931, the rule to dissolve the attachment in the above captioned case is discharged.

From William A. Wilcox, Scranton, Pa.